216 N.J. Super. 33 (1987)
522 A.2d 1019
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MARIUS DAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1987.
Decided March 12, 1987.
*35 Before Judges FURMAN, DREIER and STERN.
Alfred A. Slocum, Public Defender, Attorney for appellant (Abramowitz & Olitsky, Designated Counsel, Robert Abramowitz, of counsel and on the brief).
Stephen G. Raymond, Prosecutor Burlington County, (Terrie-Anne Duda, Assistant Prosecutor, of counsel and on letter brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant has appealed from his convictions and sentences on multiple counts of a 31-count indictment, including five counts of first degree aggravated sexual assault, N.J.S.A. 2C:14-2; six counts of second degree aggravated assault, N.J.S.A. 2C:12-1b(1) and (2), and numerous other charges. He was sentenced to a total of 49 years and assessed a Violent Crimes Compensation Board penalty of $550. No period of parole ineligibility was imposed. The facts giving rise to the charges and convictions need not be recounted in detail, although some of the events must be discussed later in this opinion. Defendant's actions towards the victims can accurately be characterized as brutal physical torture, constituting both aggravated sexual assault, aggravated assault and other crimes warranting the 22 convictions here under review. The repeated rape of the adult victim with various implements, the senseless beatings and torture with heated nails, and other gruesome acts place defendant beyond the pale of a decent society. These events, which took place over a three-week period while he held the victim in her apartment by threats to harm their infant daughter, *36 are described in detail in her testimony. By the verdict the jury obviously accepted that testimony. Defendant has raised two points on the appeal:
Legal Issue # 1
As a matter of law, the appellant could not be found guilty of either first degree sexual assault or aggravated assault because the state failed to prove beyond a reasonable doubt with corroborating expert medical testimony the element of the offenses that the victim sustained `severe personal injury' or `serious bodily injury' as defined in N.J.S.A. 2C:14-1(f) and N.J.S.A. 2C:12-1b(1).
Legal Issue # 2
The consecutive sentence imposed on the appellant was excessive and an abuse of discretion under the totality of the circumstances.
Defendant first claims that he should not have been convicted of first degree sexual assault or aggravated assault, since there was insufficient proof to show the victim sustained "severe personal injury," or "severe bodily injury" as defined in N.J.S.A. 2C:14-1f and N.J.S.A. 2C:12-1b(1) respectively. "Severe personal injury" under N.J.S.A. 2C:14-1f includes the term "severe bodily injury, disfigurement, disease, incapacitating mental anguish or chronic pain." "Severe" bodily injury is not further defined, although "serious bodily injury" is defined in N.J.S.A. 2C:11-1b as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." It is this latter definition which is incorporated by reference in the aggravated assault section, N.J.S.A. 2C:12-1b, which defines the conduct constituting aggravated assault as such where an actor "attempts to cause serious bodily injury to another, or causes such injury...." Whether each actual injury is permanent is irrelevant, since attempts to cause such injury suffice.
In this case defendant's treatment of the victim over the three-week period can only be described as depraved. The fortunate fact that she recovered from her wounds in no way *37 mitigates defendant's actions as to the sexual offenses where he clearly used "physical force or coercion and severe personal injury [was] sustained by the victim." N.J.S.A. 2C:14-2a(6). The evidence sustained at least an inference of mental anguish, and there is no requirement of permanent bodily injury under N.J.S.A. 2C:14-1f[1]. After substantial testimony, verified by medical examinations, of defendant's raping the victim with a coat hanger on several occasions and a club on another and dropping heated nails on her body, including an attempt to burn her clitoris, the aggravated sexual assaults were clearly established. As to the aggravated assaults, the testimony and physical evidence of his beating the victim so fiercely about the head and face that her tongue was nearly torn from her mouth, shows either an actual "serious bodily injury" or at least an attempt to cause the same. Although there was no permanent loss of either of victim's sexual function or the use of her tongue or other organs, the beatings and use of heated nails among other tortures satisfied the statutory test required under both N.J.S.A. 2C:14-2a(6) and 2C:12-1b(1).
Defendant also alleges that the consecutive sentences imposed were excessive under the standard of State v. Yarbough, 100 N.J. 627, 644 (1985), cert. den. sub nom. Yarbough v. New Jersey, ___ U.S. ___, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986). Yarbough states that
... there should be an overall outer limit on the cumulation of successive sentences for multiple offenses not to exceed the sum of the longest terms (including an extended term, if eligible) that could be imposed for the two most serious offenses. [Ibid].
The judge here carefully analyzed the evidence of the weeks of torture and imposed consecutive sentences based upon those groupings of events which were sufficiently separate to justify *38 consecutive sentences even under the Yarbough standards. Moreover, the Yarbough standards are not absolute.
Those separate, consecutive punishments ... would typically not exceed in aggregate duration, except for an habitual offender, the longest term for the two most serious offenses. [Emphasis added, 100 N.J. at 646].
The court specifically recognized
... that even within the general parameters we have announced there are cases so extreme and so extraordinary that deviation from the guidelines may be called for.... We repose the paramount responsibility for fair and certain sentencing justice in our trial courts. [Id. at 647].
Applying these extended standards we have no difficulty sustaining the sentence, even if it slightly exceeds the maximum for the two greatest offenses. This is particularly true in the absence of a parole ineligibility term. A sentencing judge must consider the parole consequences of his sentence. State v. Gardner, 215 N.J. Super. 84, 93-94 (App.Div. 1987). N.J.S.A. 2C:43-2e; 2C:44-1c(2). Here the 49-year sentence will result in less "real time," if defendant earns all applicable credits, than a 40-year sentence with any parole disqualifier under N.J.S.A. 2C:43-6b. See N.J.S.A. 30:4-123.51a and b[2]. Had there been merely the three separate incidents which are the subject of the three consecutive sentences, defendant's argument might have some merit. But considering the myriad of additional convictions with which the sentences were made concurrent and the weeks of suffering endured by the victim, the greater punishment was warranted.
Affirmed.
NOTES
[1] There is also no question that the prosecution could have been justified on a different theory, i.e., that defendant employed a weapon, which would have satisfied N.J.S.A. 2C:14-2a(4).
[2] While the issue of an ineligibility term is not before us, we believe that one would have been justified in this case. Reference to the subject is, therefore, relevant to review of a claim of excessiveness under State v. Yarbough, especially as to a sentence imposed before the opinion was published.