**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1233-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREAS MOTLEY,

    Defendant-Appellant.

_____

        Submitted March 16, 2017 — Decided July 27, 2017

        Before Judges Hoffman and O'Connor.

        On appeal from Superior Court of New Jersey,
        Law Division, Essex County, Indictment No.
        03-06-2173.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Suzannah Brown, Designated
        Counsel, on the brief).

        Carolyn A. Murray, Acting Essex County
        Prosecutor, attorney for respondent (Frank
        J. Ducoat, Special Deputy Attorney General/
        Acting Assistant Prosecutor, of counsel and
        on the brief).

PER CURIAM

Defendant appeals from an October 7, 2015 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

In 2005, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); first-degree robbery, N.J.S.A. 2C:15-1; second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

During the plea colloquy, defendant admitted he and three others conspired to commit a robbery in a Mini Mart. Defendant carried out the robbery, during the course of which he shot and killed a store clerk. At the time, defendant was seventeen years of age. Defendant was sentenced, in the aggregate, to a twenty-five-year term of imprisonment, with an eighty-five percent period of parole ineligibility.

Defendant appealed his sentence, which was reviewed before an Excessive Sentence Oral Argument (ESOA) Panel. Among other things, defendant contended the court placed insufficient weight upon mitigating factors twelve, N.J.S.A. 2C:44-1(b)(12) (willingness of the defendant to cooperate with law enforcement authorities), and thirteen, N.J.S.A. 2C:44-1(b)(13) (the conduct

of a youthful defendant was substantially influenced by another person more mature than defendant).

We rejected this argument and remanded for resentencing. Our instruction to the sentencing court was that it was not to consider aggravating factors one, N.J.S.A. 2C:44-1(a)(1) (nature and circumstance of the offense), and two, N.J.S.A. 2C:44-1(a)(2) (gravity and seriousness of harm inflicted on the victim). We further instructed the sentencing court to recalculate jail credits. See R. 3:21-8.

On remand, without holding a hearing, the court imposed the same sentence and reduced the number of jail credits. Defendant appealed the sentence, which was again reviewed before an ESOA Panel. Defendant did not raise the alleged failure of the court to properly consider any mitigating factors. We remanded for resentencing with instructions the sentencing court hold a hearing to allow defendant to be present and, further, reconsider the jail credits to be awarded to him.

In April 2012, the court imposed the same sentence, but increased the number of jail credits to which defendant was entitled. During the sentencing hearing, the court commented mitigating factors twelve and thirteen were taken into consideration by the State when it formulated its plea offer, which in turn influenced the court's willingness to accept the

3

State's recommendation. The court then remarked it did not find any mitigating factors. Defendant did not file a direct appeal of this sentence.

In March 2015, defendant filed a PCR petition. Designated counsel subsequently filed a brief on defendant's behalf. Defendant contended his resentencing attorney was ineffective because she failed to argue mitigating factors twelve and thirteen applied, as well as challenge the aggravating factors advocated by the State. On October 7, 2015, the PCR court denied defendant's petition for PCR, without holding an evidentiary hearing.

On appeal, defendant presents the following issues for our consideration:

> POINT I — THE PCR COURT ERRED IN RULING THAT MR. MOTLEY'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING WAS PROCEDURALLY BARRED BECAUSE THE CLAIM COULD HAVE BEEN RAISED ON DIRECT APPEAL.
>
> POINT II — THE PCR COURT ERRED IN DENYING MR. MOTLEY'S CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ARGUE FOR APPLICABLE MITIGATING FACTORS AT SENTENCING.

Having reviewed the briefs and the record, we are unpersuaded by either of defendant's arguments and affirm the denial of his PCR petition.

4

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).  In general, in order to prevail on a claim of ineffective assistance of counsel, defendant must meet the following two-prong test: (1) counsel made errors so egregious he or she was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the errors prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068, 80 L. Ed. 2d at 693, 698.

If seeking to set aside a guilty plea based upon ineffective assistance of counsel, the second prong a defendant must meet is "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty but would have insisted on going to trial."  State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

5

Here, defendant argues he was denied the effective assistance of counsel because, at his second and final sentencing hearing, his attorney failed to argue mitigating factors twelve and thirteen applied, an omission he claims was prejudicial.

First, defendant's sentencing arguments are not appropriate for PCR because they could have been but were not raised on direct appeal. R. 3:22-4(a). Second, generally, the consideration of aggravating and mitigating factors are "not cognizable claims on post-conviction relief" because they relate to the excessiveness of the sentence, rather than to its legality. State v. Acevedo, 205 N.J. 40, 46-47 (2011) (citing State v. Flores, 228 N.J. Super. 586, 596-97 (App. Div. 1988), certif. denied, 115 N.J. 78 (1989)). Third and most important, it is evident from the record the court did consider these two factors.

Because defendant failed to make a prima facie showing of ineffectiveness of counsel within the Strickland-Fritz test, the PCR court correctly concluded an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6