139 N.J. Super. 285 (1976)
353 A.2d 546
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE ALLEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 21, 1975.
Decided February 29, 1976.
*286 Before Judges LYNCH and LARNER.
Mr. Stanley C. Van Ness, Public Defender, attorney for defendant-appellant (Mr. Steven P. Haft, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for plaintiff-respondent (Ms. Sara A. Friedman, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
Defendant was convicted of 20 counts charging armed robberies of eight persons and armed assaults with intent to rob two persons, all of which arose out of one holdup at the Tara Bar in Newark on June 20, 1973. The court imposed a combination of consecutive and concurrent sentences to New Jersey State Prison aggregating 25 to 39 years. The appeal challenges alleged trial errors as well as the excessiveness of sentence.
The first point raised by appellant relates to the refusal of the trial judge to permit proffered testimony of a George Albertocki, an investigator of the Public Defender's Office, relating to his conversation with Russell Watson. The latter had been called as a witness by the defense and asked general *287 questions as to his whereabouts during the night of the offense and whether he knew anything about a holdup at the Tara Bar. The witness refused to answer the significant questions, invoking the privilege against self-incrimination. His refusal was sustained by the court.
Thereafter, at the very end of the trial and prior to summations, defendant's counsel advised the court that he wished to offer the testimony of Albertocki and proceeded to state the tenor of his anticipated testimony in the following language:
Mr. Albertocki wil testify to the fact that Russell Watson admitted to him that he committed the Tara Bar offense along with James Harris, Larry Alston and Robert Peterson. He gave details as to the commission of the offense as to time, place and, other details. He would also testify to the fact that Mr. Watson related to him that it was a Mr. James Harris that went into the bar and ordered a soda and, came out. And then, that the others went in afterwards. That Mr. Harris resembles Mr. Tyrone Allen, the defendant in this case. I would also ask that Mr. Harris be brought up for the purpose of being shown to the jury.
Upon objection of the prosecutor the court ruled that the testimony of Albertocki was inadmissible.
Defendant urges that the hearsay statement of Watson was admissible as a relevant declaration against penal interest under Evid. R. 63(10). We agree with appellant that if the proffered statement through the testimony of Albertocki in fact inculpated Watson in the crime at issue and exculpated Allen, it would have been admissible as an exception to the hearsay rule and as material to the issue of guilt of defendant. Under such circumstances the evidence could not have been excluded on any theory of discretionary power under Evid. R. 4 or otherwise. There would be no room for discretionary exclusion of such exculpatory testimony on any theory of balancing probative value against the factors outlined in Evid. R. 4.
In view of the failure of counsel to present Albertocki as a witness in a voir dire hearing so as to solidify the exact nature of the proffered evidence, we must test its admissibility *288 from counsel's representation to the court. On that basis we conclude that the out-of-court statement of Watson does not qualify as a relevant declaration against penal interest so as to mandate its admissibility.
The robbery delineated by the evidence was not committed by one felon; it involved three persons. As a consequence, the statement by Watson that he committed the offense does not in itself exculpate defendant Allen. Although that portion of the statement would come within the hearsay exception which we have discussed, it would not be material on the issue of Allen's guilt. The presence of Watson, even if true, would not necessarily exclude the hypothesis of guilt of Allen.
The remainder of the alleged statement referring to three other participants would not be admissible under Evid. R. 63(10) because Watson's reference to the involvement of others is clearly not against his own interest. Similarly, his discussion relating to Harris, his physical description and his involvement in the offense would be pure hearsay beyond the scope of any recognized exception.
It thus appears that the narrow limited allusion by Watson to his own participation in the Tara robbery, though admissible as a hearsay exception, was properly excluded as immaterial on the issue of defendant's guilt. The court was therefore warranted in excluding it on that ground. Alternatively, even if relevant on a subordinate issue, it was excludable on a discretionary basis because of the potential for misleading and confusing the jury on their single question  the guilt or innocence of Allen.
The evidential problem herein is contrasted with a similar issue which might arise in a prosecution involving one offender. In such a case, an out-of-court confession of guilt by another necessarily excludes the guilt of the accused. It would therefore be material and Evid. R. 63(10) would demand its admission.
In view of the foregoing we do not find error in the exclusion of the proffered testimony. Furthermore, defendant's *289 belated unsupported suggestion at the end of the trial that he would "ask that Harris be brought up for the purpose of being shown to the jury" was addressed to the sound discretion of the court. Denial of the request was not an abuse of that discretion.
Defendant urges the following additional contentions as grounds for reversal:
(1) Admission of prior consistent statements of State's witnesses, Hanley and Micci,
(2) Withholding of exculpatory evidence at Miranda hearing,
(3) Exclusion of defendant's confessions of other crimes,
(4) Cumulative effect of trial errors as a deprivation of a fair trial.
We have carefully considered these points and find them to be without merit as grounds for reversal of the judgment of conviction. See R. 2:11-3(e)(2). As to contention (1), see Evid. R. 20; State v. Kane, 9 N.J. Super. 254, 262 (App. Div. 1950), relating to discretion exercisable by the court in admitting such statements, and State v. DiRienzo, 53 N.J. 360, 384 (1969), relating to the absence of error in not giving a cautionary instruction where no request was made.
Finally, defendant challenges the propriety of the sentence, contending that it is manifestly excessive. We have no hesitancy in expressing our agreement with the trial judge that the serious nature of the offense and the past record of defendant warrants a substantial custodial sentence from the viewpoint of punishment and deterrence. We do agree however with the imposition of consecutive sentences of additional 10 to 14 years on counts 41 and 42 relating to the charge of armed assault with intent to rob.
These counts involve two of the patrons in the bar who were not robbed but were held at gunpoint with all the other occupants of the establishment. Since these charges arose out of the single transaction of the holdup of the bar and all its patrons we are of the opinion that the imposition *290 of additional consecutive sentences for these charges are so unduly punitive as to require appellate modification. Under the circumstances, these sentences are manifestly excessive.
The judgments of conviction are affirmed. The sentences on count 41 of 5 to 7 years and count 42 of 5 to 7 years are modified so as to run concurrently with the sentences imposed on counts 27 and 28. All other sentences are affirmed.