228 N.J. Super. 586 (1988)
550 A.2d 752
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSE FLORES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 26, 1988.
Decided October 24, 1988.
*588 Before Judges BAIME and D'ANNUNZIO.
Alfred A. Slocum, Public Defender, attorney for appellant (Cheryl L. Baratta, designated counsel, of counsel and on the brief).
W. Cary Edwards, Attorney General, attorney for respondent (Julie Davidson, Deputy Attorney General, of counsel and on the letter-brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant appeals from an order of the Superior Court, Law Division, denying his petition for post-conviction relief. He asserts that (1) the trial court's summary dismissal of his petition without a hearing and without findings of fact and legal conclusions violated applicable court rules, and (2) the trial court erred in its conclusion that his arguments relating to errors in the imposition of sentence are not cognizable in post-conviction relief proceedings.
The essential facts are not in dispute. Following a lengthy jury trial, defendant was found guilty of aggravated manslaughter (N.J.S.A. 2C:11-4 a) and possession of a sawed-off shotgun (N.J.S.A. 2C:39-3 b). On the homicide conviction, the trial court imposed a sentence of 15 years. Pursuant to N.J.S.A. 2C:43-6 c, the court ordered that defendant serve five years without parole eligibility. Defendant received a consecutive four-year sentence on the weapons offense. Under the provisions of N.J.S.A. 2C:43-6 b, the court directed that defendant serve one-half of the sentence before being eligible for parole. *589 Defendant filed a timely appeal from his conviction, arguing only that the trial court erred in its evidentiary decisions. We affirmed in an unreported opinion and the Supreme Court subsequently denied certification. 105 N.J. 503 (1986).
On April 6, 1987, defendant filed a petition for post-conviction relief. Although he had been represented by attorneys assigned by the Public Defender in all prior proceedings, defendant expressed his desire not to be represented by a lawyer. Noting his dissatisfaction with his former attorneys, defendant stated that he wished to represent himself.
We have carefully reviewed the petition. Although it was inartfully drafted and ambiguously phrased, the principal thrust of the arguments advanced was that the trial court erroneously imposed a parole ineligibility term without weighing the appropriate aggravating and mitigating factors. In addition, defendant contended that the court failed to consider applicable guidelines in directing that the sentences be served consecutively. In a brief letter-opinion, the trial court denied defendant's petition on the ground that a claim of excessive sentence was not cognizable in post-conviction relief proceedings.

I.
We first address defendant's contention that the trial court erred by summarily denying his petition without a hearing and without making the requisite findings of fact and legal conclusions. Initially, we find nothing in R. 3:22-1 et seq. requiring that a hearing be conducted on a post-conviction relief petition. Specifically, our court rules are barren of any provision mandating that oral argument be heard whenever a petition is filed. Instead, R. 3:22-10 states that "[a] defendant in custody may be present in court" in the exercise of the judge's discretion, and is "entitled to be present when oral testimony is adduced on a material issue of fact within his personal knowledge." In the context of the facts present here, we perceive no *590 abuse of the trial court's discretion in disposing of defendant's petition on the papers submitted. We emphasize that resolution of the issues raised by defendant did not require the taking of oral testimony. While we do not doubt that it was within the power of the court to require oral argument, we discern no statutory or procedural provision compelling it to adopt this course. See R. 3:22-11.
Nor do we find merit in defendant's argument that a reversal is mandated because the court failed to make specific findings of fact. Although, R. 3:22-11 provides that "[i]n making final determination upon a petition, ... the court shall state separately its findings of fact and conclusions of law," the trial court's failure to comply with the rule was harmless since the issues raised by defendant were purely legal. Disposition of defendant's petition thus did not require articulation of specific findings of fact.
Having said this, we nevertheless note our displeasure with the trial court's summary treatment of the questions raised by defendant in his petition. While we agree with the ultimate conclusion reached by the court, we would have preferred a more detailed statement of reasons supporting its determination that the arguments advanced are not reviewable on a petition for post-conviction relief. The letter-opinion issued by the court contained nothing but naked conclusions. Although we are not insensitive to the pressures placed upon trial judges to dispose of criminal cases in an expeditious manner, fairness to the parties and effective appellate review required greater elucidation by the court of its reasons for denying the petition. However, we find no basis requiring us to reverse on the procedural arguments advanced by defendant here.

II.
We next turn to defendant's argument that the errors and deficiencies alleged with reference to the sentences imposed are correctable in post-conviction relief proceedings. As *591 we have noted, defendant contends that the sentencing judge erred by imposing a parole ineligibility term and by ordering that the sentences be served consecutively. More specifically, he asserts that the sentencing court made no specific finding that it was "clearly convinced that the aggravating factors substantially outweigh[ed] the mitigating factors," N.J.S.A. 2C:43-6 b, and, therefore, there was no statutory basis for imposition of a parole ineligibility term.[1] He also claims that the sentencing court failed to consider the guidelines adopted by our Supreme Court in State v. Yarbough, 100 N.J. 627 (1985), cert. den., 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986) and, thus, incorrectly imposed consecutive rather than concurrent custodial terms.
The threshold question is whether these arguments are cognizable on a petition for post-conviction relief. R. 3:22-2(c) provides that post-conviction relief may be granted where the sentence imposed is "in excess of or otherwise not in accordance with the sentence authorized by law." It is well-established that "sentences claimed to be excessive are only reviewable on direct appeal and not by post-conviction application." *592 State v. Vance, 112 N.J. Super. 479, 481 (App.Div. 1970), certif. den. 58 N.J. 97 (1971). Stated somewhat differently, "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 437 (1974). A corollary rule is that an illegal sentence is correctable at any time. See, e.g., State v. Rhoda, 206 N.J. Super. 584, 593 (App.Div. 1986); State v. Paladino, 203 N.J. Super. 537, 549 (App.Div. 1985); State v. Heisler, 192 N.J. Super. 586, 592 (App.Div. 1984); State v. Sheppard, 125 N.J. Super. 332, 336 (App.Div. 1973), certif. den., 64 N.J. 318 (1973); State v. Fisher, 115 N.J. Super. 373, 378 (App.Div. 1971); State v. Strupp, 101 N.J. Super. 94, 98 (App.Div. 1968); R. 3:22-12. These principles have been applied with only occasional deviations. See State v. Clark, supra, 65 N.J. at 437; State v. Cerce, 46 N.J. 387, 396 (1966); State v. Flippen, 208 N.J. Super. 573, 575 n. 2 (App.Div. 1986); State v. Pierce, 115 N.J. Super. 346, 347 (App.Div. 1971), certif. den. 59 N.J. 362 (1971); State v. Vance, supra, 112 N.J. Super. at 481.
Within this conceptual framework, the first issue presented is whether a parole ineligibility term imposed without the predicate findings required by N.J.S.A. 2C:43-6 b constitutes an "illegal" sentence, correctable in post-conviction relief proceedings, or merely an "excessive" sentence reviewable only on direct appeal. The second question is whether consecutive custodial terms resulting from an unauthorized deviation from the Yarbough guideline can fairly be characterized as an "illegal" sentence rather than merely an "excessive" sentence.
Unfortunately, the distinction between an illegal, as opposed to an excessive sentence has, to some extent, lost its validity. That this is so is best evidenced by the evolution of New Jersey's sentencing philosophy. Although the philosophical justification for punishment has divided people for centuries, the prevailing theme prior to enactment of the Code of Criminal *593 Justice was that the sentence "should fit the offender as well as the offense." State v. Ivan, 33 N.J. 197, 200 (1960). This sentencing theory reflected a broader philosophical viewpoint that "retribution [was] not a favored thesis" and that "deterrence and rehabilitation" constituted the predominant sentencing goals. Id. at 199-200. It was said that "[i]f the offense [had] strong emotional roots or [was] an isolated event unassociated with a pressing public problem, there [was] room for greater emphasis upon the circumstance of the individual offender." Id. at 202 On the other hand, where the crime was a calculated one or part of a widespread criminal skein, the needs of society were said to dictate that the "punishment more nearly fit the offense than the offender." Ibid. The sentencing judge was thus required to "deal with the complex of purposes, determining in each situation how the public interest [would] best be served." Id. at 201.
Such ideas were dramatically challenged in the 1970's. The sentencing goals of rehabilitation and reformation of the offender became subordinate to a "just deserts" approach, which emphasized uniformity in punishment. See, e.g., Fair and Certain Punishment, Report of the Twentieth Century Fund Task Force on Criminal Sentencing (1976), p. 3. The central thesis was that the length of the sentence should correspond to the seriousness of the offense committed. Ibid. A "matrix" approach was developed, factoring into the equation the nature of the offense and, to some extent, the background of the offender. Ibid.
The history of New Jersey's Code of Criminal Justice mirrored these national developments. See State v. Roth, 95 N.J. 334, 351 (1984). By setting forth aggravating and mitigating factors, presumptions of and against imprisonment depending upon the degree of the crime, presumptive sentences within particular ranges, and by insuring appellate review, the Legislature sought "to provide a greater degree of [sentencing] uniformity." State v. Roth, 95 N.J. 334, 361 (1984). This legislative *594 policy has been reinforced by the decisions of our Supreme Court which have emphasized structured sentencing and channeled sentencing discretion. See, e.g., State v. Miller, 108 N.J. 112 (1987); State v. Dunbar, 108 N.J. 80 (1987); State v. Kruse, 105 N.J. 354 (1987); State v. Roth, supra; State v. Hodge, 95 N.J. 369 (1984). In reviewing any sentencing decision, whether it pertains to incarceration or probation, length of sentence, parole ineligibility term or extended sentence, the court is obliged to determine whether the particular statutory provision was followed, whether correct sentencing guidelines were considered, whether sufficient evidence supported the judge's findings, and whether the result reached is reasonable in light of applicable sentencing policies and goals. See, e.g., State v. Roth, supra, 95 N.J. at 362-365. This is indeed a far cry from the scope of appellate review applied prior to enactment of the Code, which was normally limited to the question whether the trial court "abused [its discretion] by the imposition of a sentence which is manifestly excessive under the particular circumstances of the case." State v. Leggeadrini, 75 N.J. 150, 157 (1977). See also State v. Whitaker, 79 N.J. 503, 514 (1979).
The point to be stressed is that the parameters of sentencing discretion have been substantially narrowed by the Code's provisions, and consequently sentencing decisions depend upon application of specific criteria and guidelines. To that extent, the distinction between an "illegal" and an "excessive" sentence has become blurred. The issue is now one of degree. At one end of the spectrum are sentences, the quantum or length of which is beyond the maximum provided by law. Such sentences are clearly illegal and correctable in post-conviction relief proceedings. At the other end of the spectrum are sentences which are, at least ostensibly, based upon application of the appropriate aggravating and mitigating factors, but which nevertheless appear to be unreasonable in the sense that they shock the conscience. Most would agree *595 that such sentences are excessive, but not illegal, and thus subject to correction only on direct appeal.
Against this backdrop, we are convinced that questions concerning the adequacy of the sentencing court's findings and the sufficiency of the weighing process employed should be addressed only by way of direct appeal. Important public policy considerations, firmly grounded in the efficient and fair administration of criminal justice, bring us to this result.
We emphasize that post-conviction relief under R. 3:22-4 is to be accorded only with respect to grounds which "could not reasonably have been raised" in prior proceedings or which would otherwise justify the granting of such remedy in order to avoid "fundamental injustice" or the serious impairment of a defendant's constitutional rights. It is well-settled that "post-conviction proceedings are not a substitute for direct appeal." State v. Cerbo, 78 N.J. 595, 605 (1979). It has thus been said that "[i]n the absence of the timely raising of an issue on direct appeal or a constitutional infringement, relief will be granted in such proceedings only in exceptional circumstances involving a showing of fundamental injustice." Ibid. While an "illegal" sentence is correctable at any time, we are persuaded that this limited exception to the general rule should be confined to cases in which the quantum of the sentence imposed is beyond the maximum provided by law or where the term set by the court is not authorized by any statutory provision.
We recognize the importance of uniformity in imposing sentence. Nevertheless, we would be short on realism were we to ignore the fact that commonly a sentencing question involves no more than a value judgment upon a factual complex rather than an evident application of a precise rule of law. While identification of the applicable aggravating and mitigating factors may perhaps lend itself to abstract and objective analysis, the weighing process envisioned by the Code's provisions necessarily reflects the seasoning and experience of the particular sentencing judge. To permit post-conviction review of the *596 adequacy of the sentencing judge's findings and conclusions would open the gates to an avalanche of grievances, often long after the sentence was imposed. In light of the availability of relief by way of direct appeal, we perceive no need to make post-conviction relief an open sesame for the wholesale review of sentences. We are thus in accord with the trial court's conclusion that defendant's arguments pertaining to the parole ineligibility term imposed under N.J.S.A. 2C:43-6 b were not cognizable in post-conviction relief proceedings.[2]
What has been said thus far applies with equal force to defendant's argument that the consecutive sentences imposed ran afoul of the Yarbough guidelines. In our view, this is not an issue cognizable in post-conviction relief proceedings because it does not relate to the legality of the sentences imposed. We merely observe that such claims have historically been characterized as relating to the "excessiveness" of the sentences, rather than their legality. See, e.g., State v. Walker, 80 N.J. 187, 196 (1979); State v. Day, 216 N.J. Super. 33, 37 (App.Div. 1987), certif. den. 107 N.J. 640 (1987); State v. Allen, 139 N.J. Super. 285, 289 (App.Div. 1976); State v. Ford, 119 N.J. Super. 260, 263 (App.Div. 1972). In State v. Clark, supra, our Supreme Court noted that a claim of "excessive" sentence by reason of the aggregation of the custodial terms imposed was "distinct from [an argument of sentence illegality] by reason of being beyond or not in accordance with legal authorization" *597 and was "not an appropriate ground of post-conviction relief...." Id. at 437. While the Court held that the "egregious circumstances" present in that case required relaxation of the rule, it hastened to add that it had "no intention of altering" the well-established principle precluding consideration of such a claim in post-conviction relief proceedings. Ibid. In short, defendant's argument that the consecutive sentences imposed deviated from the Yarbough guidelines was not cognizable on post-conviction relief and was properly rejected by the trial court.
Accordingly, the order denying defendant's petition for post-conviction relief is affirmed.
NOTES
[1] In support of this argument, defendant points to the trial court's statement that the aggravating and mitigating factors "pretty much balance each other out." We note, however, that this statement has been taken out of context. Although the sentencing transcript is far from clear, it would appear that the court's reference related solely to the aggravated manslaughter conviction. We point out that, in making this statement, the trial court referred to the fact that defendant acted under strong provocation. See N.J.S.A. 2C:44-1 b(3). It is clear that the court was alluding to the victim's meretricious relationship with defendant's wife. Although such provocation obviously constituted a mitigating factor in imposing sentence on the aggravated manslaughter conviction, it could not fairly have been considered with reference to defendant's unlawful possession of a sawed-off shotgun. We have no occasion to consider the matter further, however, because we agree with defendant's contention that the court's imposition of the presumptive term of four years with a two year parole ineligibility period ran afoul of State v. Kruse, 105 N.J. 354 (1987). Thus, we have decided to squarely address the question whether defendant's argument relating to the inadequacy of the sentencing court's findings in imposing a term of parole ineligibility was cognizable in post-conviction relief proceedings.
[2] We recognize that a trial court's failure to impose a parole ineligibility term mandated by statute constitutes an "illegality" which is correctable at any time. See, e.g. State v. Muessig, 198 N.J. Super. 197, 201 (App.Div. 1985), certif. den. 101 N.J. 234 (1985); State v. Copeman, 197 N.J. Super. 261, 265 (App.Div. 1984). Cf. State v. Stewart, 96 N.J. 596 (1984); State v. Des Marets, 92 N.J. 62 (1983). The decisions cited are distinguishable, however, because in each case the parole ineligibility term was mandated by statute. Its imposition did not rest upon a weighing of aggravating and mitigating factors, a judgment determination to be made by the sentencing court. See also State v. Nemeth, 214 N.J. Super. 324, 327 (App.Div. 1986) which involved an "illegal" plea agreement requiring the downgrading of an offense and the inconsistent imposition of a parole ineligibility term.