**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0829-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIEL CARABALLO,

    Defendant-Appellant.

_____

        Submitted December 11, 2018 – Decided January 9, 2019

        Before Judges Yannotti and Rothstadt.

        On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 81-11-1779.

        Daniel Caraballo, appellant pro se.

        Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Marc A. Festa, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order dated July 11, 2017, which denied his motion to correct an allegedly illegal sentence. We affirm.

In 1981, a Passaic County grand jury charged defendant with the knowing murder of Concepcion Navas, N.J.S.A. 2C:11-3 (count one); the attempted murder of Romanita Rodriguez and Maria Vega, N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3 (count two); aggravated assault against Rodriguez and Vega, N.J.S.A. 2C:12-1(b)(1) (count three); making threats to kill Blanca Ayala, N.J.S.A. 2C:12-3( count four); possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count five); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(c)(2) (count six).

In March 1985, defendant was tried before a jury and found guilty on counts one, three, five, and six, and not guilty on counts two and four. The judge merged count five into count six, and imposed the following sentences: on count one, life imprisonment with a twenty-five year parole bar; on count three, ten years of imprisonment with a five-year parole bar, consecutive to the sentence on count one; and on count six, ten years imprisonment, with five years of parole ineligibility, concurrent to the sentences on counts one and three. The judge filed a judgment of conviction dated April 18, 1985.

Defendant appealed, and on December 31, 1987, we affirmed defendant's conviction and sentence. The Supreme Court denied defendant's petition for certification. State v. Caraballo, 110 N.J. 292 (1988). Defendant then filed a petition for a writ of habeas corpus in the federal district court and in September 1989, the court dismissed the petition.

Defendant filed a petition for post-conviction relief (PCR) in the Law Division, and on November 26, 1990, the court dismissed the petition as time-barred under Rule 3:22-12. Defendant appealed and we affirmed. State v. Caraballo, No. A-2203-90 (App. Div. Mar. 11, 1992) (slip op. at 3). In 1993, defendant filed a second petition for a writ of habeas corpus in the federal district court, which the court denied.

On May 30, 1995, defendant filed a second PCR petition in the Law Division, which the court dismissed on December 1, 1995. Defendant later filed a third PCR petition and the Law Division denied the petition on October 14, 1998. We affirmed. State v. Caraballo, No. A-4083-98 (App. Div. Oct. 20, 2000). The Supreme Court denied certification. State v. Caraballo, 167 N.J. 631 (2001).

On November 6, 2000, defendant filed a fourth PCR petition, in which he claimed that his sentence was illegal because the sentencing judge had allegedly

3

erred in his consideration of certain aggravating factors. The Law Division denied relief, finding that defendant's claim was procedurally barred. We affirmed the denial of PCR. State v. Caraballo, No. A-2655-03 (App. Div. June 15, 2005) (slip op. at 4). We found that the PCR court correctly determined that defendant's claim was time-barred under Rule 3:22-12, and barred by Rule 3:22-5 because the claim had been previously adjudicated on direct appeal. Id. at 4-5.

We also rejected defendant's contention that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Caraballo, No. A-2655-03, slip op. at 5-7. We noted that defendant argued that the sentencing judge violated his right under the Sixth Amendment to the United States Constitution when the judge imposed the life sentence. Id. at 5-6.

We found that defendant's claim failed because there was no "presumptive sentence" for murder and the imposition of the statutory maximum term "passed constitutional muster under both Apprendi and Blakely." Id. at 7. We therefore found no need to address defendant's contention that retroactive application of Apprendi and Blakely made his life sentence illegal. Id. at 7.

4

Thereafter, defendant filed a motion in the trial court to correct what he claimed was an illegal sentence. The court found that the sentence was authorized by the applicable statute, and the sentencing judge's alleged double-counting of his prior offenses for sentencing purposes was not a basis for relief under Rule 3:22-12. Defendant appealed from the trial court's order denying his motion and we affirmed, noting that none of defendant's arguments related to the legality of his sentence. State v. Caraballo, No. A-0529-10 (App. Div. March 7, 2012) (slip op. at 3).

On March 7, 2017, defendant filed another motion to correct an allegedly illegal sentence. The trial court entered an order dated July 11, 2017, denying the motion. In an accompanying letter opinion, the court noted that defendant claimed his sentence was illegal because the sentencing judge had imposed the life sentence without additional fact-finding by a jury.

In support of that claim, defendant cited Apprendi, and the later decisions in Blakely and United States v. Booker, 543 U.S. 220 (2005), which applied Apprendi. The trial court found that defendant's reliance upon these decisions was misplaced because Apprendi was decided fifteen years after he was sentenced, and that the principles enunciated in Apprendi and the subsequent

cases did not apply retroactively to invalidate defendant's sentence. This appeal followed.

On appeal, defendant argues:

POINT 1
[A.] DEFENDANT SHOULD BE RESENTENCED OR A NEW TRIAL ORDERED IN LIGHT OF THE BLAKELY V. WASHINGTON DECISION AS TO PREVENT A MANIFEST INJUSTICE CREATED BY SENTENCING THE DEFENDANT TO TWENTY-FIVE (25) YEARS TO LIFE AS A PERSISTENT VIOLENT FELON.

B. THE RECENT . . . DECISION [IN CUNNINGHAM v. CALIFORNIA, 549 U.S. 270 (2007)] MAKES IT UNCONSTITUTIONAL TO SENTENCE ME TO A SENTENCE ABOVE THE EXTENDED TERM USING "PROTECTION OF THE PUBLIC" AS AN ENHANCEMENT.

POINT 2
DEFENDANT'S SENTENCE IS EXCESSIVE[.]

A. The Imposition of a Presumptive Base Term With The Maximum Term of Parole Ineligibility Was An Abuse of Discretion[.]

B. The Trial Court Abused Its Discretion In Imposing A Consecutive Sentence For The Aggravated Assault finding.

We note initially that although it was not the basis for the trial court's order, defendant's claim based on Apprendi and Blakely is barred by Rule 3:22-5. The rule states that:

A-0829-17T4

> [a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.

> [Ibid.]

As we noted previously, in the appeal from the denial of his fourth PCR petition, defendant argued that his life sentence violated Apprendi and Blakely, and those decisions should be applied retroactively to invalidate his life sentence. We held that Apprendi and Blakely did not apply to defendant's sentence. Caraballo, No. A-2655-03, at 6-7. Therefore, Rule 3:22-5 precludes defendant from re-litigating that issue in this appeal.

Moreover, even if the procedural bar did not apply, defendant's argument fails. In Cunningham v. United States, the Court noted the Sixth Amendment "proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." 549 U.S. 270, 274-75 (2007) (citing Apprendi, 530 U.S. at 490, Blakely, 542 U.S. at 304-05, and Booker, 543 U.S. at 244). The Court in Cunningham observed that the "statutory maximum" means "the maximum [a judge] may impose without any additional findings" (as

7

opposed to "the maximum sentence a judge may impose after finding additional facts"). Ibid. (emphasis in original) (citing Blakely, 542 U.S. at 303-04).

As we explained in our opinion in the appeal from the denial of defendant's fourth PCR petition, there was no presumptive sentence for murder at the time defendant committed that offense. Caraballo, No. A-2655-03, slip op. at 6. Moreover, the criminal code then in effect allowed the court to impose a life sentence for murder under N.J.S.A. 2C:43-7(a)(1) without separate proof of the enhancement criteria in N.J.S.A. 2C:44-3. Id. at 6 (citing State v. Maguire, 84 N.J. 508, 527 (1980)). We therefore held that defendant's life sentence passed constitutional muster under Apprendi and Blakely. Id. at 6-7.

Furthermore, Apprendi and Blakely established a new rule of law, and in State v. Natale, 184 N.J. 458, 494 (2005), the Court held that the rule would only be applied to cases "in the pipeline," that is, cases that were on direct appeal as of the date Natale was decided, August 2, 2005. Defendant's direct appeal was decided by this court on December 31, 1987, and the Supreme Court denied certification on March 8, 1988. Thus, defendant's appeal was not "in the pipeline" when Natale was decided. Thus, defendant's reliance on Apprendi and Blakely is misplaced.

A-0829-17T4

Defendant also argues that his sentence violates the provisions prohibiting ex post facto laws under the New Jersey and United States Constitutions. He quotes Bouie v. City of Columbia, 378 U.S. 347, 354 (1967), and Rogers v. Tennessee, 532 U.S. 451, 456-57 (2001), to support his argument that judicial enlargement of a maximum statutory sentence can violate the ex post facto clauses when such judicial action is "unexpected and indefensible" under the law in effect before the conduct at issue.

We note that in Bouie, the Court stated that "[i]f a judicial construction of a criminal statute is 'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." This principle is, however, "restricted to its traditional due process roots" of fair warning, and it is not based on the ex post facto clause. Rogers, 532 U.S. at 459-60.

Here, defendant's life sentence was neither "unexpected" nor "indefensible." It was expressly permitted by the statute in effect before defendant committed the offense. Thus, defendant's claim that his life sentence violates ex post facto principles is meritless.

Defendant further argues that his sentence is illegal because the sentencing judge relied in part on his two prior convictions in New York when

9

the judge sentenced him to life imprisonment pursuant to N.J.S.A. 2C:43-7(a)(1). He contends the sentencing judge erred by relying upon the New York convictions because neither offense meets the definition of "prior conviction in another jurisdiction" under N.J.S.A. 2C:44-4.

The argument is barred under Rule 3:22-5, because it was raised and adjudicated in prior proceedings. In his appeal from the denial of his fourth PCR petition, defendant argued that the sentencing judge's consideration of his New York convictions rendered his sentence illegal. Caraballo, No. A-2655-03, slip op. at 4. We rejected that argument. Id. at 5. We also noted that in defendant's direct appeal, we had addressed the trial court's consideration of the aggravating factors and found that the sentence was proper. Ibid.

Even if this claim was not barred by Rule 3:22-5, defendant's argument lacks merit. As noted, imposition of a life sentence for murder under N.J.S.A. 2C:43-7(a)(1) does not require separate proof of the enhancement criteria in N.J.S.A. 2C:44-3. Maguire, 84 N.J. at 525-26. In sentencing defendant, the judge found several aggravating factors, including "[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted" under N.J.S.A. 2C:44-1(a)(6). In making that finding,

the judge properly considered defendant's entire criminal record, including the New York convictions for attempted robbery and grand larceny.

In addition, defendant contends that his sentence is excessive. Defendant argues that the sentencing judge erred by purportedly deviating from the presumptive base term and imposing a life sentence for murder. He also contends that the judge abused his discretion by imposing a consecutive sentence for aggravated assault.

It is well established, however, that a claim that a sentence is excessive rather than illegal is not an appropriate ground for PCR. State v. Flores, 228 N.J. Super. 586, 592 (App. Div. 1988) (citing State v. Clark, 65 N.J. 426, 437 (1974)). Furthermore, a claim challenging a consecutive sentence that does not relate to the legality of the sentence is not cognizable under PCR. State v. Acevedo, 205 N.J. 40, 47 (2011).

As noted, defendant argues that the sentencing judge erred by imposing the life sentence for murder under N.J.S.A. 2C:43-7(a)(1) and by imposing a consecutive sentence for aggravated assault. The claims do not, however, relate to sentence illegality. Therefore, defendant's sentencing arguments are not cognizable on PCR. Furthermore, even if the sentencing claims were

11

cognizable, defendant's arguments regarding the sentences lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0829-17T4