**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1351-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HASSAN BILAL, a/k/a
EILLIOT CROOMS,

    Defendant-Appellant.

_____

          Argued April 30, 2019 – Decided May 17, 2019

          Before Judges Geiger and Enright.

          On appeal from Superior Court of New Jersey, Law
          Division, Essex County, Indictment No. 99-06-0015.

          Alan D. Bowman argued the cause for appellant.

          Adam D. Klein, Deputy Attorney General, argued the
          cause for respondent (Gurbir S. Grewal, Attorney
          General, attorney; Adam D. Klein, of counsel and on
          the brief).

PER CURIAM

The defendant appeals from the trial court's order denying his motion for a change of sentence. Having considered his arguments in light of the facts and applicable law, we affirm.

Following a jury trial in May and June 2001, defendant was found guilty of second-degree conspiracy to commit racketeering, first-degree racketeering, second-degree leader of organized crime, three counts of first-degree arson, one count of second-degree arson, one count of second-degree aggravated arson, third-degree criminal attempt and second-degree theft by deception.

Defendant was sentenced on July 23, 2001, to an aggregate term of seventy-two years in prison, with thirty-six years of parole ineligibility. Specifically, the sentencing court imposed consecutive eighteen-year terms, subject to a nine-year period of parole ineligibility for each first-degree offense, as well as concurrent ten-year terms on four of the second-degree counts and a concurrent five-year term on the remaining count. Defendant appealed and his convictions were affirmed, although we remanded for a corrected judgment of conviction to comport with what was said orally by the sentencing court on July 23, 2001. State v. Bilal, No. A-406-01 (App. Div. April 19, 2004), 182 N.J. 629 (2005).

A-1351-17T4

On remand, defendant was afforded the right to seek reconsideration of the number of consecutive sentences imposed and the right to seek reconsideration of the length of his first-degree consecutive sentences, since they were above the presumptive term and subject to periods of parole ineligibility. Three days after the remand, the sentencing court amended the judgment of conviction to correct errors contained in the initial judgment. However, it rendered the same aggregate sentence and periods of parole ineligibility as reflected in the original judgment of conviction.

In 2005, defendant petitioned for post-conviction relief (PCR) on the basis of ineffective assistance of counsel. His PCR petition was denied following an evidentiary hearing on April 26, 2011 and we affirmed that denial on August 9, 2013. Then, on January 27, 2017, defendant filed a motion seeking a change of sentence and that application was denied. He appeals from that denial.

Defendant argues the amended judgment of conviction was entered without him having the chance to be heard and he claims this violated our ruling on direct appeal. He also argues his sentence is illegal as it was imposed in violation of guidelines governing consecutive sentences. Lastly, he asks for a fair sentence which would not call for further imprisonment. He believes he should be sentenced anew and that an updated presentence report should be

3

prepared given the passage of time. He further contends aggravating factors three and nine no longer apply and that mitigating factors eight and nine apply.

The State insists defendant's motion is time-barred under Rule 3:21-10(a) and that no exception found in Rule 3:21-10(b) applies to his circumstances. We agree.

Rule 3:21-10 provides:

> (a) Time. Except as provided in paragraph (b) hereof, a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction. The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy-five] days from the date of the judgment of conviction and not thereafter.

> (b) Exceptions. A motion may be filed and an order may be entered at any time (1) changing a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse, or (2) amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant, or (3) changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney, or (4) changing a sentence as authorized by the Code of Criminal Justice, or (5) correcting a sentence not authorized by law including the Code of Criminal Justice, or (6) changing a custodial sentence to permit entry into the Intensive Supervision Program, or (7) changing or reducing a sentence when a prior conviction has been reversed on appeal or vacated by collateral attack.

Here, defendant's motion for a change of sentence is out of time under Rule 3:21-10(a). His application was filed well past the sixty-day deadline following the entry of his amended judgment of conviction and that deadline is not enlargeable. R. 1:3-4(c). Moreover, the defendant need not be present for the decision on a Rule 3:21-10 application. R. 3:16.

Next, defendant does not advance any legitimate argument to allow for an exception under Rule 3:21-10(b). Certainly, defendant's sentence is not illegal. Additionally, an excessive but legal sentence does not fall within Rule 3:21-10(b)(5). Mere excessiveness of sentence, otherwise within authorized limits, can only be raised on direct appeal. State v. Flores, 228 N.J. Super. 586, 592 (App. Div. 1988) (quoting State v. Clark, 65 N.J. 426, 437 (1974)); see also State v. Acevedo, 205 N.J. 40, 46 (2011).

Even though we remanded for a corrected judgment of conviction in 2004, this court held on direct appeal that defendant's consecutive sentences were legally imposed. He may not re-litigate that ruling. R. 3:22-5. Additionally, defendant provides no explanation for waiting until 2017 to challenge his sentence. Although he complains he was entitled to a hearing when we remanded for a correction of the judgment of conviction, we compelled no such hearing. Our decision merely allowed defendant to ask for reconsideration of

his sentence as outlined in our remand opinion. We did not require the sentencing judge to wait to see if defendant filed a motion for reconsideration before the sentencing judge corrected his judgment.

As defendant is time-barred to move for a change of his sentence under Rule 3:21-10(a) and none of the exceptions noted in (b) of that Rule apply, the trial court, in its thorough and well-reasoned opinion, correctly denied defendant's belated motion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1351-17T4