# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1830-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

A.Y.B.,

    Defendant-Appellant.

_____

Submitted March 16, 2021 – Decided May 17, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Accusation No. 14-08-0269.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Hannah F. Kurt, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant A.Y.B. appeals from a September 25, 2019 order denying his petition for post-conviction relief (PCR).[1] He argues that his plea counsel was ineffective in misadvising him that if he were found guilty of all charges at trial, the sentences would be run consecutively. He also contends that his sentencing counsel was ineffective in failing to argue for a lower sentence. We reject these arguments and affirm.

I.

In 2014, defendant was indicted for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); three counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1) and -2(b); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Those charges arose out of an incident during which defendant, who was then eighteen years old, forced a ten-year-old girl out of a baptism party, took her to a secluded area, pulled her underwear down, and penetrated her vagina with his penis. After the victim made her disclosure, she was physically examined at a hospital and DNA material from a buccal swab matched the profile of a DNA sample obtained from defendant.

_____

[1] We use initials because this case involves the sexual assault of a child. R. 1:38-3(c)(9).

In August 2014, defendant pled guilty to first-degree aggravated sexual assault. He admitted he had sexually penetrated the victim with his penis. In pleading guilty, defendant acknowledged that he knew the victim was ten years old, but he claimed that at the time of the assault he thought she was twenty years old.

Defendant was ordered to undergo an evaluation as a sex offender. See N.J.S.A. 2C:47-1. Accordingly, he was evaluated at the Adult Diagnostic and Treatment Center by a licensed psychologist and a confidential report on that evaluation was issued under a letter dated February 26, 2015.

After defendant pled guilty, he was assigned a new attorney from the Public Defender's Office. In March 2015, defendant's new attorney filed a motion to withdraw his guilty plea. On June 16, 2015, that motion was denied. That same day, defendant was sentenced.

In accordance with his plea agreement, defendant was sentenced to ten years in prison with a period of parole ineligibility as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was also sentenced to parole supervision for life, N.J.S.A. 2C:43-6.4, and reporting requirements under Megan's Law, N.J.S.A. 2C:7-1 to -19.

Defendant did not file a direct appeal. Instead, in September 2018, defendant filed a petition for PCR. He was assigned PCR counsel and counsel filed supplemental papers on his behalf. On August 9, 2019, the PCR court heard oral arguments. Thereafter, on September 25, 2019, the PCR court denied the petition and issued an order and written opinion.

The PCR court held that defendant's arguments about his sentencing were procedurally barred because he did not raise them in a direct appeal. Nevertheless, the court went on to consider and reject the substance of the arguments, finding that defendant had not satisfied either prong of the Strickland test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The PCR court also found that defendant had failed to show any prejudice from his counsel's alleged misadvice that he could be subject to consecutive sentences. Accordingly, the PCR court found that defendant was not entitled to an evidentiary hearing.

II.

On appeal, defendant argues:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVOCATE FOR HIM AT SENTENCING AND FOR

4

PROVIDING MISINFORMATION THAT LED TO
AN UNINFORMED PLEA.

We use a de novo standard of review when a PCR court does not conduct an evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004). The decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; accord State v. Fritz, 105 N.J. 42, 57-58 (1987). On petitions brought by a defendant who has entered a guilty plea, defendant satisfies the first Strickland prong if he or she can show that counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). Defendant proves the second component of Strickland by establishing "a reasonable probability that" defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

Defendant's argument concerning alleged misadvice given by his plea counsel fails to satisfy the second prong of the Strickland test. Defendant was indicted for five crimes: first-degree aggravated sexual assault, three counts of second-degree sexual assault, and third-degree endangering the welfare of a child. While it is unlikely that all those crimes would have been sentenced consecutively had defendant been convicted at trial, defendant still received a favorable plea agreement. Defendant pled guilty to the first-degree crime and the State agreed to recommend the lowest possible sentence of ten years imprisonment. Given that defendant could have been sentenced to up to twenty years in prison, see N.J.S.A. 2C:43-6(a)(1), he has made no showing that there was a reasonable probability that he would not have pled guilty. [2]

Moreover, the record establishes that defendant understood the terms of his plea agreement and agreed to them. Before pleading guilty, the terms of the plea agreement were explained to defendant and he testified that he understood those terms and that he wanted to plead guilty under those terms. Accordingly, we also reject defendant's contention that his plea was defective because the

---

[2] Effective May 15, 2014, N.J.S.A. 2C:14-2(a) was amended, and subsection (d) was added to provide for a mandatory term of imprisonment where the victim is under thirteen years of age, subject to a negotiated reduction that cannot be less than fifteen years in prison. L. 2014, c. 7, § 1. Defendant committed his crime before that amendment took effect.

alleged misadvice prevented him from entering a knowing and intelligent plea.

Defendant's argument concerning the failure of his counsel to argue for a lower sentence is without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(2). Nevertheless, we add some brief comments concerning that argument.

Normally, arguments concerning sentencing are "not cognizable claims on post-conviction relief" because they relate to the excessiveness of the sentence rather than its legality. State v. Acevedo, 205 N.J. 40, 46-47 (2011) (citing State v. Flores, 228 N.J. Super. 586, 596-97 (App. Div. 1988)). Accordingly, sentencing arguments usually must be raised on direct appeal.

In addition, defendant was sentenced in accordance with the negotiated plea agreement. Defendant has made no showing that counsel had a reasonable chance of convincing the sentencing court to grant the extraordinary relief of sentencing defendant below the minimum sentence for a first-degree crime. See N.J.S.A. 2C:44-1(f)(2); State v. Megargel, 143 N.J. 484, 495 (1996) (explaining that to downgrade a sentence, the "sentencing judge must be (1) clearly convinced that the mitigating factors substantially outweigh the aggravating factors and (2) the interest of justice must demand the downgrade").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1830-19