**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1137-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS S. MANSO,

    Defendant-Appellant.

_____

Argued January 21, 2025 – Decided February 10, 2025

Before Judges Sabatino, Jacobs and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-11-4417.

Joshua M. Nahum argued the cause for appellant (Law Offices of Alan L. Zegas, attorneys; Alan L. Zegas and Joshua M. Nahum, on the briefs).

Shep A. Gerszberg, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Essex County Prosecutor, attorney; Frank J. Ducoat, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis S. Manso appeals from the November 1, 2023 order of the Law Division denying his motion to correct an illegal sentence. We affirm.

I.

We discern the following facts and procedural history from the court record.

In November 1998, defendant and nine co-defendants were indicted and charged in eighteen counts with six different crimes against four victims, two of whom were killed. All defendants were charged with four counts of second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5–2 and 2C:13–1; four counts of first-degree kidnapping, N.J.S.A. 2C:13–1(b); four counts of second-degree conspiracy to commit murder, N.J.S.A. 2C:5–2 and 2C:11–3; two counts of murder, N.J.S.A. 2C:11–3(a)(1) and (2); two counts of felony murder, N.J.S.A. 2C:11–3(a)(3); and two counts of attempted murder, N.J.S.A. 2C:5–1 and 2C:11–3. A jury convicted defendant of all counts.

At defendant's sentencing hearing in April 2000, the trial judge specifically directed counsel to address and argue their positions "with regard to the appropriateness of concurrent versus consecutive sentences."

In her oral sentencing decision, the trial judge stated:

[I] will begin with the sentences for murder.  I had to decide . . . whether the sentences should run consecutively or concurrently.  As to the murders, this was not a decision I took lightly.  I have reviewed the [Yarbough[1]] criteria, one of which is that there should be no free crimes in a system for which the punishment shall fit the crime.  It is a much easier sentence to impose obviously where the stakes are not as high.  <u>Nonetheless, I have a responsibility to do what I feel is just under the law</u>.  And where there are two victims and two decedents, obviously the stakes for [defendant] are extremely high just by virtue of the restrictions on sentencing for murder . . . minimum of thirty years without eligibility for parole is where the [c]ourt is to start going anywhere up to life sentences.

I can not say in this case that the [c]ourt is prepared to tell [the] victim[s'] mother here that one of her son's li[ves]doesn't count as the other.  I realize the offenses were committed during the course of conduct that culminated in the events in the park that clearly were committed on separate days.  They clearly weren't separated in terms of the times they were served and certainly not separated in terms of the places they occurred.  But the key point for me is that they required separate acts of violence.  There are situations where given the right set of facts . . . that can not as easily be said as it can be said here.  There was a specific intention directed at both of these people by separate people acting under orders.  There was a motivation toward each of these people.  What happened was intended to happen and it required that they each be dealt with separately.  And they were.  The [c]ourt feels for that reason it would be inappropriate to suggest not even only to [defendant] but to anyone else who might be listening that if you

---

[1]  State v. Yarbough, 100 N.J. 627 (1985).

A-1137-23

> find yourself in the circumstances of taking two lives, even if you take them at about the same time and you direct violence towards two people, that you should be better off than someone who takes one life. I can not in good conscience make that ruling. <u>I do not feel it is justified in this case</u>. To come to that conclusion would be to give [defendant] the benefit of a free crime to which on this record he is not entitled.
>
> [(Emphasis added.)]

After considering counsels' arguments, the statements made by defendant and his mother, and weighing the aggravating and mitigating circumstances, the trial judge imposed a thirty-year prison term for each murder conviction and ordered that those two sentences be served consecutively. The remaining sixteen convictions were either merged and dismissed or were ordered to be served concurrently to the murders.

We affirmed defendant's conviction and sentence on direct appeal and specifically concluded that the consecutive service of those sentences was proper under <u>State v. Yarbough</u>, 100 N.J. 627 (1985). <u>State v. Romero</u>, Nos. A-6593-99, A-0282-00, A-0834-00, A-5704-00, A-4974-99 (App. Div. Apr. 12, 2004). We held that "other <u>Yarbough</u> factors, that the 'crimes involved separate acts of violence' and that 'the crimes involved multiple victims,' do weigh in favor of consecutive sentences." <u>Id.</u>, slip op. at 40 (quoting

4

Yarbough, 100 N.J. at 644). The Supreme Court denied certification. State v. Manso, 181 N.J. 548 (2004).

Defendant sought post-conviction relief (PCR) alleging that his trial counsel was ineffective, that the prosecutor acted improperly, and that new evidence was discovered, all of which impacted on defendant's conviction. The trial court denied that application. We affirmed that denial. State v. Manso, No. A-2646-12 (App. Div. Aug. 26, 2015). The Supreme Court denied certification. State v. Manso, 224 N.J. 245 (2016).

Defendant filed a second PCR petition in 2018 and argued that the prosecutor withheld exculpatory evidence. The trial court denied that application. We affirmed that denial. State v. Manso, A-1568-18 (App. Div. Apr. 9, 2020). The Supreme Court denied certification. State v. Manso, 244 N.J. 366 (2020).

In 2023, defendant moved to have the consecutive sentences declared "illegal" under Rule 3:21-10(b)(5). However, because the trial judge had retired, the application was heard by another judge (the motion judge). The motion judge denied defendant's application in a written opinion and ultimately concluded that the sentencing judge had properly considered the Yarbough factors and acknowledged that we had already considered and

affirmed defendant's consecutive sentences. Importantly, the motion judge also specifically concluded that the sentencing judge "did provide a statement of overall fairness by indicating that consecutive sentences were fair because if [defendant] were not sentenced to consecutive sentence[s] the second murder would be essentially a 'free crime.'" This appeal followed.

On appeal, defendant raises these points for our consideration:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO BE RESENTENCED BECAUSE THE TRIAL COURT ILLEGALLY SENTENCED HIM UNDER A MISAPPREHENSION OF THE APPLICABLE LAW IN VIOLATION OF HIS DUE PROCESS RIGHTS.
>
> A. The Incorrect Application of the Law During Sentencing Result[ed] in an Illegal Sentence.
>
> B. The Sentencing Court Sentenced [Defendant] under an Incorrect Application of the Yarbough Factors.
>
> C. The Sentencing Court's Lack of a Clear Statement of Reasons Requires the Matter be Remanded for Resentencing.

6

It is axiomatic that a defendant may move to correct an illegal sentence at any time. R. 3:21-10(b)(5)[2]; State v. Schubert, 212 N.J. 295, 309 (2012). An illegal sentence is one that "exceed[s] the penalties authorized by statute for a specific offense, and those that are not authorized by law." Id. at 308. Those two categories of illegal sentences have been "defined narrowly." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Murray, 162 N.J. 240, 246 (2000)). Arguments that the imposition of consecutive sentences violate the Yarbough guidelines "have historically been characterized as relating to the 'excessiveness' of the sentences, rather than their legality." State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988). The legality of a defendant's sentence is a question of law subject to de novo review. State v. Steingraber, 465 N.J. Super. 322, 327-28 (App. Div. 2020).

Having reviewed defendant's arguments and the applicable legal principles, we conclude they are without merit. We add these comments:

Defendant's sentence is not an illegal sentence that requires correction under R. 3:21-10(b)(5). Defendant claims the trial judge improperly sentenced

---

[2] R. 3:21-10(b)(5) permits a motion to "be filed and an order [to be] entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice."

defendant under an incorrect application of the Yarbough factors and that it "was constrained to apply consecutive sentencings when there are multiple victims without regard or consideration of the overall fairness of the sentence." This assertion is not supported by the record. On direct appeal, we previously considered the propriety of the consecutive nature of the sentences. We concluded that the consecutive treatment was appropriate because it resulted from separate acts of violence inflicted on multiple victims. As aptly noted by the trial judge, "[t]here was a specific intention directed at both of these people by separate people acting under orders. There was a motivation toward each of these people. What happened was intended to happen and it required that they each be dealt with separately. And they were."

Defendant also argues that because the trial court failed to provide a specific reference about the overall fairness of the sentence that it was, therefore, illegal. Aside from the fact that the caselaw at the time of the defendant's sentence did not require such an explicit observation, the trial court, nevertheless, engaged in a process that ensured substantive fairness.

In 2021, our Supreme Court required a trial judge, when imposing consecutive sentences, to include an "explicit statement" that the judge acknowledged "overall fairness" of the sentence imposed. State v. Torres, 246

N.J. 246, 268, 271 (2021). However, the <u>Torres</u> rule is not retroactive and does not entitle defendant to a resentencing hearing because it does not represent a departure from the existing law. <u>See</u> <u>State v. Feal</u>, 194 N.J. 293, 307-08 (2008) (holding that a decision has retroactive application when the opinion "announced" a "new rule of law.") First, <u>Torres</u> was issued twenty-one years after defendant was sentenced. Second, the Court explained that its ruling was intended to "underscore" and "promote" the "concepts of uniformity, predictability, and proportionality" that underlie the sentencing factors that it established in <u>Yarbough</u>:

> [w]e reiterate the repeated instruction that a sentencing court's decision whether to impose consecutive sentences should retain focus on "the fairness of the overall sentence." [State v.] Miller, 108 N.J. [112], 122 (1987); <u>see also</u> <u>State v. Abdullah</u>, 184 N.J. 497, 515 (2005). Toward that end, the sentencing court's explanation of its evaluation of the fairness of the overall sentence is a "necessary feature in any <u>Yarbough</u> analysis." [State v.] Cuff, 239 N.J. [321], 352 (2019).
>
> [<u>Torres</u>, 246 N.J. at 270.]

Third, <u>Torres</u> did not announce a new rule of law. Rather, it renewed and reemphasized the long-established requirement that a sentencing court provide "an explanation of the overall fairness of [a] consecutive sentence . . . ." <u>Ibid.</u> Therefore, the absence of a <u>Torres</u> statement does not render a

9

sentence that does not include it illegal, so long as it is evident from the court's analysis that the court did consider whether the consecutive sentence was fair and just.

Finally, and substantively, a review of the sentencing hearing itself reveals that although the trial judge might not have strictly self-characterized the sentence as "fair," an objective review of it confirms that it was. The trial judge certainly understood that the court possessed the discretion to impose consecutive or concurrent sentencings and that the judge understood that there was no presumption of consecutive sentences. Specifically, the judge requested that the parties make their positions known "with regard to the appropriateness of concurrent versus consecutive sentences." Later, the judge noted that mandatory consecutive sentences in the kidnapping statute are an "enhanced sentencing provision" and not "normal sentencing." The judge then reported that "I am going to take the time to respond to some comments made . . . . It will also give some insight, I feel[,] into the decisions I reach with regard to the range of the sentences and the issues of consecutive and concurrent sentences." Before imposing the sentence, the trial judge stated "I will begin with the sentences for murder. I had to decide . . . whether the sentences should run consecutively or concurrently." The judge's description

10

of concurrent sentences "versus" consecutive sentences, characterizing the determination as an "issue," and specifically asking the parties for their position as to how the court should exercise discretion all demonstrate her understanding that the imposition of consecutive sentences was not presumed.

Additionally, the trial judge manifestly engaged in a qualitative analysis of the <u>Yarbough</u> factors. The trial judge did refer to the principle of "no free crimes" and the fact that there were multiple victims of the defendant. However, these pertinent references were not exclusive, but were paired with other analysis evidencing the trial judge's understanding of the consequences of a choice between consecutive and concurrent sentences.

To the extent that we have not addressed them, defendant's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1137-23