**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3019-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HELEN L. JOHNSON,

    Defendant-Appellant.

_____

        Submitted February 28, 2019 – Decided April 9, 2019

        Before Judges Whipple and Firko.

        On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-03-0866.

        Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

        Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Helen L. Johnson appeals from the denial of her petition for post-conviction relief (PCR) without an evidentiary hearing. Having considered the record in light of the applicable legal principles, we find no merit in defendant's arguments. The PCR court properly concluded that she failed to prove her attorney provided ineffective assistance relative to her Pre-Trial Intervention (PTI) rejection and right to appeal same and we affirm.

## I.

Defendant was charged with: fourth-degree aggravated assault pointing, N.J.S.A. 2C:12-1(b)(4); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); fourth-degree aggravated assault pointing, N.J.S.A. 2C:12-1(b)(4); third-degree terroristic threats, N.J.S.A. 2C:12-3(b); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and second-degree unlawful possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a), after she drew her handgun on two tow truck operators who were attempting to tow her daughter's vehicle. While pointing her pink and black handgun at the two men, defendant told them "[t]here's 104. After you two, it's gonna be 106[,]" referring to the number of murders in Newark in 2015. She pulled the slide back of the handgun as if she were loading a round into the chamber. When the two men ignored her and continued to tow the vehicle, defendant relented and returned to her

A-3019-17T1

apartment building. After the men called the police, defendant explained her actions and forfeited her handgun, for which she had a permit to own but not a permit to carry. At the scene, defendant admitted that the handgun was operable, and she was arrested.

Defendant applied for entry into PTI that was rejected by the prosecutor. In response, her plea counsel submitted a memorandum of compelling reasons in support of defendant's PTI application, arguing that the prosecutor's decision was arbitrary and capricious, but it was rejected a second time. Following a plea agreement that waived mandatory Graves Act[1] sentencing requirements, defendant was sentenced to non-custodial probation, a no contact order with the tow truck operators, and 100 hours of community service in September 2016. Consideration was given to her lack of a criminal record. No direct appeal was ever filed by defendant.

In March 2017, defendant, as a self-represented litigant, filed her PCR petition from the final judgment of conviction and later supplemented her petition to claim ineffective assistance from her plea counsel, arguing: (1) counsel did not seek clarification of the denial of her PTI application; and (2) counsel failed to advise her that she could appeal the PTI rejection after the final

---

[1] N.J.S.A. 2C:43-6(c).

disposition of her case. She claimed that her plea counsel dissuaded her from seeking other legal advice before entering the plea. As a public employee who would likely face termination if she pled guilty, the court told defendant she should "weigh the strengths and the weaknesses" of her case with counsel before making a decision. The matter was adjourned to provide defendant the opportunity to do so.

During the plea hearing on July 19, 2016, the PCR judge questioned defendant as to whether she completed the plea form with her counsel and she responded affirmatively, and stated that she went over "each and every question" with him. She circled the answers on the plea form herself, including the one that read: "Do you understand that by pleading you are not waiving your right to appeal . . . or . . . the denial of acceptance into a [PTI]?" On appeal defendant argued that plea counsel advised her that the plea was appealable but not the PTI denial, and that counsel circled the question on the plea form regarding this without explaining it to her.

In his comprehensive nineteen-page opinion, the PCR judge, who was also the sentencing court, found that defendant, who has a master's degree, "indicated that there was nothing altering her mindset that would prevent her from understanding exactly what was going on in court." She pled guilty "because

she wanted to plea[d] guilty." The following colloquy that ensued at the plea hearing was recounted by the judge:

> COURT: Now are you satisfied with the services of [trial counsel]?
>
> [DEFENDANT]: Yes I am, sir.
>
> COURT: Have you had enough time to discuss your case with him?
>
> [DEFENDANT]: Yes I have.
>
> COURT: Has he answered all of your questions?
>
> [DEFENDANT]: Yes he has.
>
> COURT: Do you need any more time with him?
>
> [DEFENDANT]: No.

The PCR court denied defendant's petition without an evidentiary hearing. Reviewing her sworn colloquy with the court at the time of her plea, the judge concluded that her testimony and her signed plea form "contradicts her assertion that her lawyer did not advise her of her right to appeal her PTI rejection. [B]oth reveal she was privy to her rights and was advised accordingly."

In his decision, the PCR judge also reiterated what defendant was advised at a status conference:

[T]he offer you're being afforded is the most generous the State could give, short of an outright dismissal which does not seem to be in the cards . . . it doesn't get better than this. [T]here's nothing better than getting non-custodial probation. That's . . . the lowest you could really get under the circumstances.

The court and counsel explained the Graves Act supplemental form to defendant and she acknowledged her understanding of the same. Question 4(d) on the plea form, which reads: "Do you understand that by pleading <u>you are not</u> waiving your right to appeal . . . or . . . the denial of acceptance into a [PTI]?" was circled "yes" by defendant. This appeal followed.

Defendant argues:

POINT I

PLEA COUNSEL WAS INEFFECTIVE WHEN HE FAILED TO FILE AN APPEAL WITH THE LAW DIVISION OF THE DENIAL OF HIS CLIENT'S APPLICATION FOR PRETRIAL INTERVENTION (PTI).

POINT II

DEFENDANT'S PCR PETITION WAS NOT PROCEDURALLY BARRED UNDER <u>RULE</u> 3:22-4.

POINT III

AS THERE WAS A GENUINE DISPUTE OF MATERIAL FACT, AN EVIDENTIARY HEARING WAS REQUIRED.

6

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). The PCR process provides a defendant a "last chance to challenge the 'fairness and reliability of a criminal verdict . . . .'" State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. Feaster, 184 N.J. 235, 249 (2005)). "Post-conviction relief is neither a substitute for a direct appeal, [Rule] 3:22-3, nor an opportunity to relitigate cases already decided on the merits, [Rule] 3:22-5." Preciose, 129 N.J. at 459; see also State v. Echols, 199 N.J. 344, 357 (2009). We "conduct a de novo review" when the PCR court did not hold an evidentiary hearing on the claim defendant now raises on appeal. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).

A petition for PCR may be granted upon the following grounds:

> (a) Substantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey;
>
> (b) Lack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;
>
> (c) Imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law if

raised together with other grounds cognizable under paragraph (a), (b), or (d) of this rule. Otherwise a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5).

(d) Any ground heretofore available as a basis for collateral attack upon a conviction by habeas corpus or any other common-law or statutory remedy.

(e) A claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request.

[R. 3:22-2.]

Furthermore, "[a] truly 'illegal' sentence can be corrected 'at any time.'" State v. Zuber, 442 N.J. Super. 611, 617 (App. Div. 2015), rev'd on other grounds, 227 N.J. 422 (2017) (alteration in original) (quoting State v. Acevedo, 205 N.J. 40, 47 n.4 (2011)).

Because defendant's PCR petition is predicated on her claim that trial counsel was ineffective, she must satisfy the two-part test pronounced in Strickland v. Washington, by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 52 (1987). The

first prong requires a showing that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. It is the defendant's burden to prove by a preponderance of the evidence that counsel's decisions about trial strategy were not within the broad spectrum of competent legal representation. See Fritz, 105 N.J. at 52.

Under the second prong, a defendant must demonstrate that counsel's errors prejudiced the defense to the extent that the defendant was deprived of a fair and reliable outcome. Strickland, 466 U.S. at 687. To prove this element, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We address defendant's first brief point, and conclude she failed to satisfy either prong of the Stickland/Fritz test. As the PCR judge correctly concluded, defendant's claim that her attorney never received clarification as to why she was rejected from PTI is belied by his comments made at the June 2016 status conference:

> [T]he Essex County Prosecutor's Office, although they denied [defendant']s admission to the county's [PTI], [Prosecutor] Lopez, in consultation with [Prosecutor] Imhof . . . reviewed the facts, spoke to the victims, reviewed our mitigating circumstances, considered the lack of criminal history of my client, all the facts and

circumstances, and agreed to remove this case from the . . . ordinary mandatory minimum sentences associated with Graves Act offense[s] and offered [defendant] probation.

As the PCR judge correctly concluded, the above factors were insufficient to admit defendant to PTI, but

they were enough for the State to agree to a Graves Act waiver and offer [defendant] probation, an offer that was far less than the mandatory minimum of [five] years in New Jersey State Prison with [forty-two] months parole ineligibility and even the typical Graves Act waiver sentence of [three] years in New Jersey Prison with [one] year parole ineligibility.

Defendant cannot establish any confusion or lack of "clarification" as to her PTI rejection. She was explicitly told she had a right to appeal her PTI rejection. The PCR judge aptly concluded that with respect to an appeal, defendant

[n]ever availed herself of that right and should have appealed if she believed her application was wrongfully rejected. She indicated to [the plea court] she was privy to her rights and understood them, so it was her duty to act on them.

We find no merit to defendant's ineffective assistance of counsel argument.

III.

Next, defendant argues that the PCR judge improvidently determined that Rule 3:22-4 procedurally barred her petition. We disagree.

10

Rule 3:22-4 bars any issues that "could have and should have been raised on direct appeal" taken in any such proceedings. State v. Reevey, 417 N.J. Super. 134, 148 (App. Div. 2010). There are three exceptions to this rule: "(1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) that enforcement of the bar to preclude claims . . . would result in fundamental injustice; or (3) that denial of relief would be contrary to a new rule of constitutional law . . . ." R. 3:22-4.

Citing to State v. Allah, 170 N.J. 269, 285 (2002), the PCR judge reasoned that defendant's claims "were available at the time of her plea and should have been raised on direct appeal if the evidence supporting the claim is in the trial record." We agree that Rule 3:22-4 served as a procedural bar to defendant's claims.

IV.

In her final argument, defendant claims that genuine disputed facts warranted an evidentiary hearing. She contends that the disputed facts relate to her PTI rejection and her plea counsel's failure to advise her of the option to appeal before entering the plea agreement. We disagree.

The decision to hold an evidentiary hearing is reserved for the trial judge's discretion. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A

trial judge should only grant evidentiary hearings and make a determination on the merits of a claim if a prima facie case of ineffective assistance of counsel is shown. Preciose, 129 N.J. at 462. In determining whether a prima facie claim has been made, the facts should be viewed "in the light most favorable to [the] defendant." Id. at 463. Additionally, "[a] petitioner must establish the right to such relief by a preponderance of the credible evidence." Id. at 459 (citing State v. Mitchell, 126 N.J. 565, 579 (1992)). "To sustain that burden, specific facts must be alleged and articulated" to "provide the court with an adequate basis on which to rest its decision." Mitchell, 126 N.J. at 579.

Although an evidentiary hearing was denied, the PCR judge aptly afforded oral argument to defendant. As noted by the PCR judge, "The transcripts of the status conferences, plea acceptance and sentencing did not elucidate any issues that could not have been determined through the submitted certifications and briefs." See State v. Flores, 228 N.J. Super. 586, 589-90 (App. Div. 1988). We agree with the PCR judge that an evidentiary hearing was unnecessary based upon the thorough record and his familiarity with the history of this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3019-17T1