**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4513-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OMAR D. JACKSON,

    Defendant-Appellant.

_____

Submitted March 22, 2021 – Decided April 20, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 13-11-2053.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Defendant Omar D. Jackson appeals from the January 18, 2019 order that denied his petition for post-conviction relief (PCR) without an evidentiary hearing. In his petition, defendant maintained that his suppression hearing, trial, and remand attorneys each rendered ineffective assistance of counsel (IAC). After considering defendant's petition, Judge Dennis R. O'Brien entered the order under review after concluding that defendant's claims were procedurally barred and substantively without merit. We agree and affirm.

In 2014, a jury convicted defendant of second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1). The sentencing court imposed a ten-year term subject to a five-year period of parole ineligibility.

Defendant appealed, arguing that his motion to suppress should have been granted, the trial judge gave improper jury instructions, and the sentencing judge mistakenly believed the five-year period of parole ineligibility he imposed was mandatory. State v. Jackson, A-3697-14 (App. Div. Feb. 9, 2017) (slip op. at 2-5) (Jackson I). In an unpublished opinion, we affirmed his conviction but remanded for resentencing. Id. at 17.

In affirming his conviction, we rejected defendant's argument that the motion to suppress should have been denied. We found that under the totality

of circumstances, a police officer's stop of defendant, which was prompted by a 9-1-1 call, was legal.  Id. at 10-11, 16-17.  We remanded for resentencing "[b]ecause the [sentencing] court appeared to be misinformed as to its sentencing options."  Id. at 17.

After our remand, the resentencing judge imposed the same sentence. Defendant appealed from his sentence and an Excessive Sentence panel of this court affirmed.  State v. Jackson, A-4479-16 (App. Div. Dec. 5, 2017) (Jackson II).  Defendant never filed a petition for certification with the Supreme Court. Instead, he filed his petition for PCR.

The facts underlying defendant's arrest and conviction are recounted in our prior opinion.  Jackson I, slip op. at 2-4.  We summarize the facts that are pertinent to defendant's PCR petition.

On May 28, 2013, defendant was stopped by a police officer after the Neptune Police Department received the 9-1-1 call from a caller who identified herself but was never located.  Id. at 2.  The caller explained that there was a black male wearing a purple jacket and black sneakers with red bottoms looking through the bushes.  Id. at 3-4.

The officer was dispatched to look for the individual and came across defendant in the middle of the street, matching the description provided in the

9-1-1 call.  Id. at 2.  The officer knew of defendant's gang affiliations, his criminal history, and that a shooting occurred in the area the night before.  Id. at 3.  As the officer moved defendant out of the middle of the street onto the sidewalk so he could safely speak with defendant, he observed twigs in defendant's hair and defendant walking as if he was trying to conceal something and suspected that he had a gun.  Id. at 2-3.  A subsequent pat down of defendant's clothing revealed the gun, and a later search incident to arrest led to the discovery of the cocaine.  Id. at 3.

Before trial, defendant filed his unsuccessful suppression motion.  Shortly before the suppression hearing, defendant was arrested on unrelated charges for attempted murder and weapons offenses.  It was undisputed on PCR that about a week after his suppression hearing, defendant's counsel, an Assistant Public Defender, sought to withdraw from the case because the Office of the Public Defender also "represent[ed] the victim [in defendant's] attempted murder case," and the attorney had represented the victim "numerous times in the past."  The attorney was allowed to withdraw, and defendant was assigned new counsel with whom he proceeded to trial.

After his conviction and unsuccessful appeals, in January 2018, defendant initially filed a motion to reduce his sentence, without setting forth any grounds

A-4513-18

for relief. In an amended submission filed by PCR counsel in August 2018, defendant alleged that trial counsel "failed to request a mistrial" or a "speedy trial," and "was ineffective on all aspects of the case." Defendant also contended that his sentence was excessive.

In a supporting brief, defendant further argued: (1) his claims were not barred; (2) he was entitled to a hearing to establish his IAC claim as to his trial counsel and to "determine why the State destroyed key evidence"; (3) he was denied effective assistance of counsel; (4) his conviction must be overturned because the probable cause used to justify the Terry[1] stop was based on an anonymous tip; (5) he was entitled to a new trial because his suppression hearing counsel had a conflict of interest and failed to defend his Fourth Amendment rights; (6) he received IAC during his remand hearing on sentencing; and finally, (7) suppression counsel was ineffective in pursuing the motion to suppress.

On January 18, 2019, Judge O'Brien heard oral argument before denying defendant's petition and placing his reasons on the record that day. In his decision, the judge relied upon Rule 3:22-5, and explained that any issue about the validity of the Terry stop was previously litigated and was therefore barred. In addition, he concluded that "[a]ll of [defendant's] constitutional claims,

---

[1] Terry v. Ohio, 392 U.S. 1 (1968).

5

specifically his Sixth Amendment claims, could have been raised [before the trial court and] on direct appeal" and thus, defendant's claims for IAC were procedurally barred by Rule 3:22-4(a). Addressing the substance of defendant's claims, the judge applied the two-prong test under Strickland v. Washington, 466 U.S. 668, 694 (1984), as adopted by our Court in State v. Fritz, 105 N.J. 42, 58 (1987), and also determined that each of defendant's claims were without merit and did not entitle defendant to an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following arguments:

POINT I

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED REGARDING SUPPRESSION COUNSEL'S FAILURE TO DISCLOSE HER CONFLICT OF INTEREST PRIOR TO THE START OF THE HEARING.

POINT II

THE PCR COURT ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR SUPPRESSION AND TRIAL COUNSELS TO EXPLAIN WHY THEY FAILED TO OBTAIN THE 9-1-1 TAPE OR CONTACT [THE CALLER].

6

POINT III

THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM REMAND COUNSEL TO EXPLAIN WHY HE FAILED TO ARGUE VIGOROUSLY AT [DEFENDANT'S] RESENTENCING.

POINT IV

THIS MATTER SHOULD BE REMANDED TO THE PCR COURT FOR FURTHER CONSIDERATION AND DETERMINATION OF ALL THE ISSUES RAISED IN THE PCR PETITION. (NOT RAISED BELOW).

We are not persuaded by defendant's contentions. Applying our de novo standard of review, see State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016), we affirm the denial of defendant's petition without an evidentiary hearing substantially for the reasons stated by Judge O'Brien in his comprehensive oral decision. We add only the following comments.

At the outset, we observe that on appeal defendant does not challenge Judge O'Brien's holding that his IAC claims were procedurally barred. We therefore do not address that issue because "[a]n issue not briefed on appeal is deemed waived." Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017) (quoting Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011)); see also Pressler & Verniero, Current N.J. Court Rules, cmt.

5 on R. 2:6-2 (2021). Even if he had raised that challenge, we would have concluded that under these circumstances, where each of defendant's arguments focused on events that were a matter of record and either occurred before defendant's trial or were previously addressed by this court on appeal, the PCR judge's finding was legally correct. See R. 3:22-3; R. 3:22-4; R. 3:22-5; State v. Marshall, 173 N.J. 343, 351 (2002); State v. Afanador, 151 N.J. 41, 49-50 (1997).

As to the merits of his barred claims, we conclude they were either belied by the record or unsupported by any evidence of how the outcome of defendant's trial or sentencing would have been different had any of his attorneys performed in accordance with his arguments on PCR. For example, here, as to counsel's revelation that she had a conflict after the suppression hearing, defendant did not demonstrate the requisite "great likelihood of prejudice [that] must be shown . . . to establish [he received] constitutionally defective representation of counsel" at his suppression hearing. State v. Cottle, 194 N.J. 449, 467-68 (2008) (emphasis added) (quoting State v. Norman, 151 N.J. 5, 25 (1997)).

Moreover, contrary to defendant's contentions about suppression counsel, she did endeavor to locate the 9-1-1 caller but was unable to do so. In any event, defendant failed to demonstrate on PCR how his conviction could have been

prevented had the caller been located. He never explained how the 9-1-1 caller's information was unreliable, nor did he support his contentions with "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant failed to "do more than make bald assertions that he was denied the effective assistance of counsel." Ibid.

Defendant's claims about his resentencing, from which he never appealed, are, as Judge O'Brien found, clearly "excessive sentencing argument[s] in disguise," which Rule 3:22-4(a) precludes on PCR. See State v. Acevedo, 205 N.J. 40, 44 (2011); State v. Flores, 228 N.J. Super. 586, 596-97 (App. Div. 1988). Moreover, although defendant argues that counsel failed to file a new presentence memorandum, call witnesses on defendant's behalf, and argue that mitigating factors applied, he does not explain what new information would have affected the outcome of the sentencing hearing, nor does he provide any affidavits from proposed witnesses. Without such support, defendant has again merely advanced "bald assertions" that are insufficient to give rise to a prima facie claim of IAC. Cummings, 321 N.J. Super. at 170.

Also, his contention about remand counsel failing to note defendant's mental health issues, personalize defendant to the sentencing court, or to

"present any positive information" about him, is belied by the record. His attorney did stress at resentencing that defendant had made strides in prison, including getting his G.E.D. and that he wanted to move forward. Moreover, as the PCR judge explained, the resentencing judge was able to review the first pre-sentencing report and in the two years between sentencings, there was no new information regarding defendant's mental health.

Because we conclude that Judge O'Brien correctly determined defendant failed to demonstrate a prima facie claim of IAC, we agree that defendant was not entitled to an evidentiary hearing on his petition. State v. Marshall, 148 N.J. 89, 158 (1997).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4513-18