**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2874-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES GONZALEZ,

    Defendant-Appellant.

_____

Submitted November 8, 2023 – Decided March 19, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 06-05-0933.

James R. Lisa, attorney for appellant.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

On March 6, 1997, defendant having pled guilty plea to one count of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), was sentenced to ten

years in prison with community supervision for life (CSL), N.J.S.A. 2C:43-6.4, in accordance with a negotiated plea agreement. The judgment of conviction (JOC) was entered March 10.

Over nine years later, on July 27, 2006, defendant pled guilty to one fourth-degree count of violating CSL. A JOC was entered on September 22, 2006, showing defendant was sentenced to twelve days' time served. The JOC incorrectly listed both defendant's birthdate and arrest date as December 7, 2002. However, a judgment of dismissal reflecting a second indictment against defendant for fourth-degree violating CSL, entered the same day, correctly listed defendant's dates of birth (January 4, 1963) and arrest (October 25, 2005).

On February 7, 2019, we denied defendant's motion for leave to appeal his 1996 conviction as within time. We determined the appeal was "woefully untimely."

On February 2, 2022, defendant made another attempt to overturn his 1996 conviction by filing a first petition for post-conviction relief (PCR). The PCR court denied the petition on March 18, finding it "statutorily time-barred, as it ha[d] been more than five years since the date of sentence" and defendant "ha[d] not provided any reason why [his petition satisfied] the exceptions to warrant a good cause review."

A-2874-21

On March 31, defendant filed a second PCR petition claiming "he [was] not the defendant named in [the September 22, 2006 JOC]. If true, then he would not have had any reason to be aware of the entry of the [JOC]; and did not become aware [of it] until last year." Defendant submitted no sworn statement, affidavit, or certification supporting these allegations. The same PCR court decided the second petition on the papers and issued an order denying relief pursuant to Rule 3:22-4(b)[1] on April 19.

---

[1] Rule 3:22-4(b) provides:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:
>
> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

A-2874-21

Before us, defendant argues the PCR court erred in denying him relief without an evidentiary hearing. Defendant acknowledges he was arrested in 2005 for a parole violation but claims he only spent two days in jail, not twelve days. He maintains he did not plead guilty on July 27, 2006, to fourth-degree violating CSL, which resulted in the September 22, 2006 JOC. He further contends "even if he had attempted to so plead, it should not have been accepted without the [plea] court ensuring his understanding that [his sentence] would result in a lifetime bar from seeking termination of [CSL]." There is no merit to defendant's contentions.

Initially, we must indicate that while the court order states relief is denied under Rule 3:22-4(b), nothing in the record shows the PCR court "state[ed] separately its findings of fact and conclusions of law." R. 3:22-11; accord R. 1:7-4(a). The order was issued on the papers and does not indicate the court's reasoning was set forth on the record. However, to avoid unnecessary litigation delay, we will not remand because the record provided allows us to determine whether the PCR court appropriately denied defendant's second PCR petition.

---

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

See State v. Flores, 228 N.J. Super. 586, 590-92 (App. Div. 1988); Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4 (2018).

Defendant's first PCR petition was properly denied because it was not filed within five years of his 1996 conviction and cited no facts showing "excusable neglect for the late filing and fundamental injustice if defendant's claims [were] not considered on their merits." State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013) (citing R. 3:22-12(a)(1)). His second PCR petition was properly denied given his reliance on bald assertions unsupported by the record, which are insufficient to establish a prima facie case for PCR or entitlement to an evidentiary hearing. See id. at 396; State v. Cummings, 321 N.J. Super. 154, 164 (App. Div. 1999) (requiring facts supporting PCR be "set forth with specificity"). Additionally, under Rules 3:22-8 and 3:22-10(c), defendant's factual assertions must be supported by a verified petition, affidavit, or certification based on personal knowledge. Brewster, 429 N.J. Super. at 396. Here, there are none. Gonzalez's assertions are improperly made in his counsel's brief without factual support by someone with personal knowledge.

Defendant does not reconcile his alleged unawareness of the 2006 JOC with his concession that he was arrested for violating the terms of his sentence of CSL. He failed to "provide clear evidence that [he] mistakenly pleaded guilty

5

or has received a manifestly improper sentence," justifying the PCR court's conclusion that there is no "injustice" to relax the time bar. State v. Mitchell, 126 N.J. 565, 583 (1992).

Defendant relies on State v. Jamgochian, 363 N.J. Super. 220, 226 (App. Div. 2003), for the principle that a PCR court should grant an evidentiary hearing if a defendant's petition sufficiently "alleges misinformation as to a penal consequence and also that if [the defendant] had been correctly informed[, they] would have not entered a guilty plea." But in Jamgochian, the defendant's plea counsel attested to what they told the defendant about the consequences of accepting the contemplated plea agreement and what concerns the defendant weighed when deciding to plead guilty. Id. at 223-24. No such affidavit or certification exists here from defendant's plea counsel. Thus, defendant fails to show either how he was misinformed "as to [his] penal consequence" or how if he was "correctly informed[,] he would have not entered a guilty plea." Id. at 226.

Finally, the State correctly contends defendant's loss of the right to seek release from CSL is only a collateral consequence of pleading guilty to a CSL violation because loss of the right to seek release from CSL "does not automatically flow from the conviction." See State v. Bellamy, 178 N.J. 127,

138 (2003). Defendant's right "to be informed of the consequences of his plea . . . extends only to those consequences that are 'direct,' or 'penal,' but not to those that are 'collateral.'" State v. Howard, 110 N.J. 113, 122 (1988). Hence, even if defendant had timely and properly alleged he would not have pled guilty in 2006 had he known it would cost him the ability to ever seek release from CSL, he cannot use it as a basis for seeking PCR or to seek an evidentiary hearing.

To the extent we have not specifically addressed any of defendant's legal arguments it is because we have concluded they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2874-21