**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1484-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEFFREY PICKETT, a/k/a
ABDULLAH AB, TONY MCCOY,
TERRY MCCOY, TERY MORGAN,
TERRENCE MORGAN, JERAD
PICKETT, JEFF PICKETT, and
RODNEY PICKETT,

    Defendant-Appellant.

_____

Submitted February 27, 2024 – Decided March 20, 2024

Before Judges Gooden Brown and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 93-05-1733 and 93-05-1734.

Jeffrey Pickett, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Matthew E.

Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Now his fifth time before this court concerning his 1994 convictions,[1] defendant Jeffrey Pickett appeals from the December 16, 2022, Law Division order denying his motion to correct an illegal sentence under Rule 3:21-10(b)(5). We affirm.

Following a jury trial, defendant was convicted of three counts of first-degree attempted murder and related offenses stemming from him opening fire on three Newark police officers attempting to detain him.[2] After determining that defendant was extended-term eligible either as a persistent offender under N.J.S.A. 2C:44-3(a), or as a second Graves Act offender under N.J.S.A. 2C:44-3(d),[3] the trial court sentenced defendant to an aggregate extended term of life

---

[1] See State v. Pickett (Pickett I), No. A-4277-93 (App. Div. July 19, 1996), certif. denied, 148 N.J. 459 (1997); State v. Pickett (Pickett II), No. A-4552-06 (App. Div. June 30, 2008), certif. denied, 196 N.J. 465 (2008); State v. Pickett (Pickett III), No. A-2335-10 (App. Div. Jan. 13, 2014), certif. denied, 218 N.J. 531 (2014); State v. Pickett (Pickett IV), No. A-1329-21 (App. Div. Dec. 15, 2022), certif. denied, 255 N.J. 377 (2023).

[2] After the trial, defendant also entered a negotiated guilty plea to a related certain persons offense charged in a separate indictment.

[3] As we discussed in our prior unpublished decision, "[p]rior to his 1994 convictions, defendant had a significant criminal history," including "a 1983

2

imprisonment, with a thirty-five-year period of parole ineligibility. The sentence encompassed consecutive terms for two of the attempted murder convictions and one extended term.

Defendant appealed his convictions and sentence, arguing, among other things, that his sentence was excessive and illegal. We determined the imposition of "an extended term," "consecutive terms," and "maximum ordinary terms" were justified, and affirmed the convictions and sentence. Pickett I, slip op. at 5-6. Our Supreme Court denied certification. State v. Pickett, 148 N.J. 459 (1997).

Since then, defendant has filed two petitions for post-conviction relief (PCR), one in 2004 and one in 2007, and two motions to correct an illegal sentence, one in 2005 and one in 2019. All applications have challenged in some form or another the legality of defendant's sentence, and all applications have been denied by the trial court as procedurally barred, see R. 3:22-5, or

_____

conviction for receiving stolen property"; "a 1984 conviction for possession of a controlled dangerous substance"; and "a 1987 conviction for possession of marijuana with intent to distribute, . . . first-degree robbery, . . . fourth-degree aggravated assault, . . . and fourth-degree resisting arrest." Pickett IV, slip op. at 3-4.

substantively without merit.[4]  Other than the 2004 PCR petition that was not appealed, in unpublished decisions, we have universally affirmed the trial courts' rulings and upheld defendant's sentence.  See Pickett II, slip op. at 5; Pickett III, slip op. at 7; Picket IV, slip op. at 10.  And our Supreme Court has denied certification.  State v. Pickett (Pickett II), 196 N.J. 465 (2008); State v. Pickett (Pickett III), 218 N.J. 531 (2014); State v. Pickett (Pickett IV), 255 N.J. 377 (2023).

In Pickett IV, we noted that "[d]espite defendant's repackaging of the issue . . . , he clearly continues to maintain that the sentencing court erroneously deemed him extended-term eligible by improperly treating him as a repeat offender under the Graves Act."  Id. at 8.  Notwithstanding Rule 3:22-5 precluding defendant "from re-raising arguments that have been resolved previously against him," ibid., we concluded that "defendant's qualifying convictions pre-dating his 1994 convictions . . . clearly qualified [defendant] as an extended-term eligible persistent offender," id. at 9.  Therefore, "his sentence was rendered in accordance with applicable law" because "the court had

---

[4]  Defendant also unsuccessfully moved for reconsideration of the denial of the 2019 motion to correct an illegal sentence.

independent grounds to sentence defendant to an extended term as a persistent offender."  Ibid.

The subject of this appeal is defendant's third motion to correct an illegal sentence, filed on September 22, 2022.  In the motion, defendant argued that his sentence was excessive and should not have been consecutive.  Defendant also asserted that the sentencing court failed to provide a statement regarding the overall fairness of the sentence in accordance with State v. Torres, 246 N.J. 246, 268 (2021).  On December 16, 2022, the motion judge issued an order and accompanying letter opinion denying the motion.

In the opinion, the judge recounted the facts and applicable law, positing that "[defendant's] arguments amount[ed] to a continuing disagreement with the Appellate Division ruling on direct appeal."  Citing Rule 3:22-5, the judge determined that defendant's arguments were "barred" as "they ha[d] already been conclusively determined adversely to [defendant]," and the judge "ha[d] no authority to address the sentence, as both the terms of each sentence and the propriety of them being consecutive were decided on direct appeal."

The judge also explained that because "Torres did not express a new rule of law regarding the imposition of consecutive sentences," but "merely emphasized what has always been required under the Code and [State v.

Yarbough, 100 N.J. 627 (1985)]," there was no retroactivity. See State v. Feal, 194 N.J. 293, 308 (2008) (explaining that "[a] case announces a new rule of law for retroactivity purposes" if "'it breaks new ground or imposes a new obligation on the States or the Federal Government . . . [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" (omission and second alteration in original) (emphasis omitted) (quoting State v. Lark, 117 N.J. 331, 339 (1989))); State v. Burstein, 85 N.J. 394, 403 (1981) (stating "retroactivity can arise only where there has been a departure from existing law"). Therefore, according to the judge, defendant's sentence was "not illegal" and "no resentencing [was] required." This appeal followed.

On appeal, defendant raises a single point for our consideration:

> THE LOWER COURT ERRONEOUSLY DENIED THE SENTENCING MOTION CITING THE PROCEDURAL BAR OF [RULE] 3:22-5. THIS BAR DOES NOT APPLY TO [RULE 3:21-10(b)(5)]. THUS, THE ORDER SHOULD BE VACATED AND THE MATTER REMANDED FOR FURTHER PROCEEDINGS.

Under Rule 3:21-10(b)(5), "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-

6

10(b)(5))). Whether a defendant's sentence is illegal is an issue of law subject to de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016).

> There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law. State v. Schubert, 212 N.J. 295, 308 (2012). Those two categories of illegal sentences have been "defined narrowly." State v. Murray, 162 N.J. 240, 246 (2000).
>
> [State v. Hyland, 238 N.J. 135, 145 (2019).]

"A sentence 'not imposed in accordance with law' includes 'a disposition [not] authorized by the Code.'" Drake, 444 N.J. Super. at 271 (alteration in original) (quoting Murray, 162 N.J. at 247).

"[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief and can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 437 (1974). Even consecutive sentences that "[run] afoul of the Yarbough guidelines" are not "cognizable in post-conviction relief proceedings because it does not relate to the legality of the sentences imposed." State v. Acevedo, 205 N.J. 40, 46 (2011) (quoting State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988)). "[S]uch claims have historically been characterized as relating to the

A-1484-22

'excessiveness' of the sentences, rather than their legality." Flores, 228 N.J. Super. at 596.

Defendant's sentence does not fall into either category of illegal sentences to warrant correction under Rule 3:21-10(b)(5). Defendant claims that the sentencing judge failed to provide "an explicit explanation for the overall fairness of [the] sentence," Torres, 246 N.J. at 271, and "fail[ed] to give a statement for the consecutive sentence that was imposed." Even if true, such omissions do not render defendant's sentence illegal. Hyland, 238 N.J. at 146. As our Supreme Court has explained, "even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Ibid.; see also Acevedo, 205 N.J. at 47 ("[A]s defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5), the Appellate Division erred in modifying the sentence.").

Defendant argues that the motion judge's "decision to procedurally bar his motion is misplaced, as the procedural bars of [Rule] 3:22 only appl[y] to PCR petitions, and not sentencing motions filed pursuant to [Rule] 3:21-10(b)(5)."

Under Rule 3:22-2(c), a "petition for [PCR] is cognizable if based upon" the "[i]mposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law," but only "if raised together with other grounds cognizable" under Rule 3:22-2. Although Rule 3:22-2(c) is similar to Rule 3:21-10(b)(5), they are separate and distinct. Indeed, when not "raised together with other grounds cognizable under" Rule 3:22-2, "a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5)." R. 3:22-2(c).

Under Rule 3:22-5, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." As such, "[PCR] is not a substitute for direct appeal; nor is it an opportunity to relitigate a case on the merits." State v. Szemple, 247 N.J. 82, 97 (2021) (citing State v. Jones, 219 N.J. 298, 310 (2014)). That said, although a PCR petition

may be procedurally barred under <u>Rule</u> 3:22-5, defendant is correct that <u>Rule</u> 3:22-5 does not explicitly address a motion brought under <u>Rule</u> 3:21-10(b)(5).

Nevertheless, defendant's motion to correct an illegal sentence fails because his sentence is not illegal. Therefore, defendant's motion was properly denied because he failed to demonstrate the sentence either exceeded the penalties authorized for the offenses for which he was convicted or was not otherwise authorized by law. <u>See</u> <u>Hyland</u>, 238 N.J. at 145.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1484-22