**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2330-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY A. PEOPLES,
a/k/a ANTHONY
HILL,

    Defendant-Appellant.

_____

Submitted May 13, 2025 – Decided June 4, 2025

Before Judges Gooden Brown and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 96-02-0520.

Anthony Peoples, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Leslie-Ann M. Justus, Deputy Attorney General, of counsel and on the briefs).

PER CURIAM

Defendant appeals from the December 8, 2023 Law Division order denying his motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5). We affirm.

This application to correct an illegal sentence follows a series of filings by defendant over the years challenging his aggregate mandatory extended term sentence of life imprisonment plus twenty years, with a forty-five-year period of parole ineligibility, encompassing consecutive terms for murder and armed robbery convictions. The convictions stemmed from the 1995 armed robbery of four men exercising in a park and the fatal shooting of one of the men by defendant's accomplice, Alfred Gilbert. Defendant was convicted of murder, felony murder, four counts of armed robbery, and related weapons possession offenses[1] following a 1998 jury trial during which he was identified by two of the victims and implicated by codefendant Gilbert.[2] At sentencing, defendant

[1] Specifically, defendant was convicted of murder, N.J.S.A. 2C:11-3(a)(1) to (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); four counts of first-degree armed robbery, N.J.S.A. 2C:15-1; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

[2] Gilbert entered a negotiated guilty plea to aggravated manslaughter and testified at defendant's trial wherein he recanted his earlier statement to police implicating defendant as his accomplice. The earlier statement was nonetheless admitted into evidence under State v. Gross, 121 N.J. 1, 10, 16-17 (1990)

was subject to a mandatory extended term sentence under the Graves Act, N.J.S.A. 2C:43-6(c), because he had a prior conviction for armed robbery.

We affirmed defendant's convictions and sentence in an unpublished opinion and the Supreme Court denied certification. State v. Peoples, No. A-3643-98 (App. Div. Apr. 11, 2001) (slip op. at 1, 21), certif. denied, 169 N.J. 609 (2001). Among other things, we rejected defendant's contention that his sentence was excessive insofar as the judge imposed consecutive sentences for the murder and armed robbery convictions.[3] Id. at 6, 19. We concluded the judge "fully and fairly analyzed the Yarbough[4] factors" and "supplied a lengthy and detailed statement of reasons for [her] sentence, both orally at the sentencing proceeding, and in a written memorandum attached to the judgment of conviction." Id. at 20. We determined the sentence "was fully justified by the facts." Id. at 21.

---

(delineating the factors that a trial court should consider in ruling on the admissibility of a recanting witness's prior statement).

[3] Defendant was sentenced to life in prison, with thirty-five years of parole ineligibility, for murder and twenty years, with ten years of parole ineligibility, for each of the armed robbery convictions. The sentences on the four armed robbery convictions ran concurrent with each other, but consecutive to the murder conviction. The felony murder conviction was merged into the purposeful or knowing murder conviction.

[4] State v. Yarbough, 100 N.J. 627 (1985).

Thereafter, defendant filed a petition for post-conviction relief (PCR), which was denied by the trial court in 2003 without an evidentiary hearing. Among other things, the PCR court rejected defendant's claim that his sentence was illegal. We affirmed the denial in an unpublished opinion, concluding that defendant's arguments were procedurally barred under Rules 3:22-5 and 2:10-2. State v. Peoples, No. A-4090-03 (App. Div. June 17, 2005) (slip op. at 1-3). We expressly rejected defendant's assertion that he was entitled to resentencing, "declin[ing] to apply retroactively the holding in Blakely v. Washington, 524 [U.S. 296, 303-04] (2004)." Peoples, No. A-4090-03 (slip op. at 3). Our Supreme Court subsequently denied certification. State v. Peoples, 185 N.J. 268 (2005).

On December 19, 2005, defendant filed a petition for a writ of habeas corpus in the federal district court, which the court denied on November 21, 2006. Peoples v. Cathel, Civ. No. 05-5916, 2006 WL 3419787, at *1, 3 (D.N.J. Nov. 21, 2006). In doing so, among other things, the court rejected defendant's contention that his sentence was improperly enhanced based on factors found by the judge, rather than a jury, in violation of the holding in Blakely, 524 U.S. at

303-04.[5]  Peoples, 2006 WL 3419787, at *10.  Instead, the court declared that the rules announced in Blakely, 524 U.S. at 303-04, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), and related precedent were "not applicable retroactively to cases on collateral review."  Peoples, 2006 WL 3419787, at *10-11.  In any event, the court found defendant's sentence constitutional under the applicable precedent as the sentencing judge had not sentenced defendant "beyond the statutory maximum."  Id. at *11.  The court denied defendant's motion for reconsideration on February 26, 2007, Peoples v. Cathel, Civ. No. 05-5916, 2007 WL 642924, at *1 (D.N.J. Feb. 26, 2007), and the federal court of appeals denied defendant a certificate of appealability substantially for the reasons given by the district court judge, Peoples v. Cathel, C.A. No. 07-1998 (3d Cir. July 19, 2007).

Subsequently, defendant filed his first motion to correct an illegal sentence pursuant to Rule 3:21-10(b)(5) in the trial court.  In an order entered on February 9, 2010, the motion was denied without prejudice because defendant "failed to provide any supporting affidavits or documentation setting

---

[5] In Blakely, the Court overturned a sentence imposed under Washington state's sentencing scheme, explaining that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum [the judge] may impose without any additional findings."  Id. at 303-04 (emphasis omitted).

5

forth the relief sought." Defendant filed a motion for reconsideration, which was denied on December 15, 2010.

Defendant appealed, claiming his due process and Sixth Amendment rights were violated by: (1) a jury not finding the facts necessary to sentence him as a second Graves Act offender; and (2) the court not applying Apprendi to his case retroactively. State v. Peoples, No. A-3545-10 (App. Div. June 29, 2012) (slip op. at 4-5). We affirmed, summarily rejecting defendant's arguments as "clearly without merit." Id. at 5. In so doing, we reiterated that the sentence was "'fully justified by the facts'" and held that the trial judge "correctly concluded that defendant's arguments had either been adjudicated in his prior appeals or could have been presented in those proceedings," and were therefore "barred by Rules 3:22-5 and 3:22-4." Ibid. (quoting Peoples, No. A-3643-98 (slip op. at 21)). Our Supreme Court later denied certification. State v. Peoples, 213 N.J. 567 (2013).

In this second motion to correct an illegal sentence that is the subject of this appeal, citing Yarbough, defendant argued the sentencing judge did not "incorporate specific reasons for running a sentence consecutive rather than concurrent." During oral argument conducted on December 8, 2023, defendant

A-2330-23

claimed he was entitled to resentencing for the judge to determine the "overall fairness" of his sentence pursuant to <u>State v. Torres</u>, 246 N.J. 246, 268 (2021).

In an oral opinion on the record, the judge denied defendant's motion, finding defendant's claims procedurally barred by <u>Rules</u> 3:22-4 and 3:22-5. The judge explained that defendant's grounds for relief had already been adjudicated or could have been raised in prior proceedings. The judge issued a conforming order the same day, and this appeal followed.

On appeal, defendant raises the following points for our consideration:

> POINT I
>
> THE LOWER COURT FAILED TO MAKE ANY FINDINGS OF FACTS OR CONCLUSION OF LAW IN SUPPORT OF ITS RULING DENYING DEFENDANT'S RULE 3:21-10(B)(5) MOTION TO CORRECT AN ILLEGAL SENTENCE[.] THUS THE RULING SHOULD BE REVERSED AND THE MATTER SHOULD BE REMANDED FOR CONSIDERATION OF DEFENDANT'S CLAIMS BASED ON THE OVERALL FAIRNESS OF THE SENTENCING.
>
> POINT II
>
> THE LOWER COURT FAILED TO MAKE ANY FINDINGS OF FACTS OR CONCLUSION OF LAW WHERE THE TRIAL COURT'S INABILITY TO COMMENT ON THE OVERALL FAIRNESS ASSESSMENT AND THE LACK THEREOF DURING [DEFENDANT'S] SENTENCING DEMANDS A REVERSE AND REMAND FOR

7

RESENTENCING WHERE [DEFENDANT] WAS CONVICTED OF FELONY MURDER THE LESSER SHOULD HAVE MERGED WITH THE FELONY.

By leave granted, in a supplemental brief, defendant raises the following additional point:

> DEFENDANT SHOULD BE RE-SENTENCE[D] UNDER ERLINGER V. UNITED STATES[6] BECAUSE THE JURY DID NOT FIND THAT HIS OFFENSES OCCURRED ON "SEPARATE OCCASIONS" PRIOR TO THE IMPOSITION OF . . . CONSECUTIVE SENTENCES IN VIOLATION[] OF THE FIFTH AND SIXTH AMENDMENT[S] WHERE AN OVERALL FAIRNESS ASSESSMENT HAD NOT BEEN CONDUCTED BY THE SENTENCING COURT.

Our analysis is governed by well-settled principles. Whether a defendant's sentence is illegal is an issue of law subject to de novo review. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). Under Rule 3:21-10(b)(5), "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice." See State v. Zuber, 227 N.J. 422, 437 (2017) ("A defendant may challenge an illegal sentence at any time." (citing R. 3:21-10(b)(5))).

> There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by

---

6 Erlinger v. United States, 602 U.S. 821 (2024).

> law.  State v. Schubert, 212 N.J. 295, 308 (2012).
> Those two categories of illegal sentences have been
> "defined narrowly."  State v. Murray, 162 N.J. 240, 246
> (2000).
>
> [State v. Hyland, 238 N.J. 135, 145 (2019).]

"A sentence 'not imposed in accordance with law' includes 'a disposition [not] authorized by the Code.'"  Drake, 444 N.J. Super. at 271 (alteration in original) (quoting Murray, 162 N.J. at 247).

"[M]ere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of [PCR] and can only be raised on direct appeal from the conviction."  State v. Clark, 65 N.J. 426, 436-37 (1974). Even consecutive sentences that "r[un] afoul of the Yarbough guidelines" are not "cognizable in [PCR] proceedings because [they do] not relate to the legality of the sentences imposed."  State v. Acevedo, 205 N.J. 40, 46 (2011) (quoting State v. Flores, 228 N.J. Super. 586, 596 (App. Div. 1988)).  "[S]uch claims have historically been characterized as relating to the excessiveness of the sentences, rather than their legality."  Flores, 228 N.J. Super. at 596 (internal quotation marks omitted).

Here, defendant claims the sentencing judge improperly applied the Yarbough factors and failed to satisfy the Torres overall fairness requirement.

A-2330-23

Even if true, such omissions do not render a sentence illegal. Hyland, 238 N.J. at 146. As our Supreme Court has explained, "even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Ibid.; see also Acevedo, 205 N.J. at 47 ("[A]s defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence 'legality' and are not cognizable on PCR, or under the present Rule 3:21-10(b)(5), the Appellate Division erred in modifying the sentence.").

Defendant's sentence is expressly authorized by law. He was sentenced to life in prison with thirty-five years of parole ineligibility on the murder charge. See N.J.S.A. 2C:43-7(a)(6) (stating that an extended term for the crime of murder "shall be fixed by the court between 35 years and life imprisonment, of which the defendant shall serve 35 years before being eligible for parole"). He was sentenced to twenty years in prison, with ten years of parole ineligibility, on each first-degree robbery charge. See N.J.S.A. 2C:43-7(a)(2) (stating that an extended term for a crime of the first degree "shall be fixed by the court and shall be between 20 years and life imprisonment"). The robbery sentences were

10                                                                                    A-2330-23

concurrent with each other but consecutive to the murder charge as authorized under N.J.S.A. 2C:44-5(a).

Therefore, defendant's motion was properly denied because he failed to demonstrate the sentence either exceeded the penalties authorized for the offenses for which he was convicted or was not otherwise authorized by law. See Hyland, 238 N.J. at 145. We acknowledge that the motion judge denied defendant's motion on a different basis. The judge relied on the procedural bars embodied in the PCR rules. See R. 3:22-4; R. 3:22-5. Although Rule 3:22-2(c) governing PCR petitions is similar to Rule 3:21-10(b)(5), they are separate and distinct. Indeed, when not "raised together with other grounds cognizable under" Rule 3:22-2, "a claim alleging the imposition of sentence in excess of or otherwise not in accordance with the sentence authorized by law shall be filed pursuant to [Rule] 3:21-10(b)(5)." R. 3:22-2(c). Nonetheless, "[w]e are free to affirm the trial court's decision on grounds different from those relied upon by the trial court." State v. Heisler, 422 N.J. Super. 399, 416 (App. Div. 2011).

In his supplemental brief, defendant argues the extended term imposed pursuant to N.J.S.A. 2C:43-6(c) must be vacated given our recent decision in State v. Carlton, 480 N.J. Super. 311, 316-17 (App. Div. 2024). He asserts that Carlton should be applied retroactively because the Erlinger Court explained

that it was "not creating a new rule, but merely applying constitutional principles it had previously announced in Apprendi."

Carlton comes on the heels of Erlinger, in which the United States Supreme Court held that "the Fifth and Sixth Amendments generally guarantee a defendant the right to have a unanimous jury find beyond a reasonable doubt any fact that increases his [or her] exposure to punishment." 602 U.S. at 828, 833-34. The Supreme Court further stated that "[v]irtually 'any fact' that '"increase[s] the prescribed range of penalties to which a criminal defendant is exposed"' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Id. at 834 (second alteration in original) (quoting Apprendi, 530 U.S. at 490).

Carlton did not focus on the "second offender with a firearm" provision of N.J.S.A. 2C:44-3(d) as here, but rather the persistent offender provision of subsection (a). In Carlton, we acknowledged that Erlinger abrogated the rule that had allowed a sentencing court to determine the factual predicates for eligibility for enhanced sentencing under the persistent offender statute. Carlton, 480 N.J. Super. at 326. We held that "a unanimous jury must find beyond a reasonable doubt that all five of the [required] factual predicates are present, or the defendant must admit these predicates as part of a knowing and

12

voluntary waiver of the right to a jury trial with respect to extended-term eligibility." Id. at 328-29.

Under the second-offender-with-a-firearm statute applicable here, to apply enhanced sentencing, the following factual predicates must be present: (1) the defendant is at least eighteen years of age; (2) the defendant has been previously convicted of one of the enumerated offenses in N.J.S.A. 2C:44-3(d); and (3) the defendant "used or possessed a firearm . . . in the course of committing or attempting to commit" any of the enumerated offenses, "including the immediate flight therefrom."  N.J.S.A. 2C:44-3(d).

Without determining whether the sentencing judge's application of the sentencing enhancement to defendant is constitutional under Erlinger, we are satisfied defendant's argument fails because Erlinger is not fully retroactive.  In Carlton, we concluded that the application of Erlinger's holding to the persistent offender statute, N.J.S.A. 2C:44-3(a), applied retroactively to pipeline cases only.  480 N.J. Super. at 326-27.  Despite the Erlinger majority's explanation that it was relying on established constitutional principles, 602 U.S. at 838-39, that holding "abrogate[d] New Jersey Supreme Court precedent that embraced a contrary interpretation of the Apprendi doctrine, State v. Pierce, 188 N.J. 155 (2006)."  Carlton, 480 N.J. Super. at 316-17.

13

Likewise, here, we believe the <u>Erlinger</u> holding should be given pipeline retroactivity in any application to N.J.S.A. 2C:44-3(d). Our Supreme Court has reached a similar conclusion in relation to new rules affecting our sentencing scheme. <u>See, e.g.</u>, <u>State v. Natale</u>, 184 N.J. 458, 494 (2005) (affording pipeline retroactivity to <u>Blakely</u>, 524 U.S. 296); <u>State v. Grate</u>, 220 N.J. 317, 335 (2015) (affording pipeline retroactivity to <u>Alleyne v. United States</u>, 570 U.S. 99 (2013)). Pipeline retroactivity "best balances principles of fairness and repose," while "[f]ull retroactivity would overwhelm our courts with resentencings and impose a devastating burden on the judiciary." <u>Natale</u>, 184 N.J. at 494. Because defendant's direct appeal ended on July 16, 2001, when our Supreme Court denied certification, <u>Peoples</u>, 169 N.J. 609, <u>Erlinger</u> does not apply to him.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

14

A-2330-23